THE ROCHESTER DISTILLING COMPANY *vs.* GIOVANNI GELOSO.

Third Judicial District, New Haven, June Term, 1917.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

The law implies that a vendor shall deliver the goods sold within a reasonable time, in the absence of any agreement as to the time of delivery.

What constitutes a reasonable time in a given case is ordinarily a ques-

Rochester Distilling Co. *v.* Geloso.

tion of fact dependent upon the terms of the sale and all the other attendant circumstances.

In the present case the defendant bought fifteen barrels of whiskey in bond, for which he gave $109 in cash and eighteen notes of $30 each, payable to the plaintiff at intervals of thirty days. The plaintiff agreed to send the defendant certain advertisements of this particular brand of whiskey, including six watches, but none of this had been received when the first note became due, and thereupon, and for this alleged reason, the defendant returned the certificates for the whiskey in bond, none of which had been withdrawn, and demanded a return of the cash and notes he had given. *Held* that upon the facts disclosed by the record the trial court was warranted in finding that the plaintiff's delay in shipping the advertising matter was not unreasonable, and in its conclusion that such delay did not justify the defendant's attempt to cancel or rescind the agreement.

Argued June 6th—decided July 6th, 1917.

ACTION by the payee against the maker of two promissory notes for $30 each, brought by appeal of the plaintiff from a judgment of a justice of the peace to the Court of Common Pleas in New Haven County and tried to the court, *Wolfe, J.;* facts found and judgment rendered for the plaintiff for $65, and appeal by the defendant. *No error.*

*Robert L. Munger,* for the appellant (defendant).

*Alfred C. Baldwin* and *Harold E. Drew,* for the appellee (plaintiff).

WHEELER, J. The plaintiff, a wholesale, and the defendant, a retail, liquor dealer, on June 3d, 1915, entered into a contract of sale of fifteen barrels of whiskey, by the terms of which contract the plaintiff agreed to sell to the defendant the whiskey in bond and to deliver the same by three certificates, certifying that the whiskey was stored in bond subject to the order of the defendant. The plaintiff further agreed to pay the storage insurance on the same, and to send to the de-

fendant various articles of advertising matter, including six watches, and agreed that if these were not received the defendant should have the right to cancel the notes which the defendant agreed to give as part of his consideration for the purchase.

The defendant, in consideration of the agreements of the plaintiff, agreed to pay $108.98 in cash, and to give to the plaintiff eighteen notes, each for $30, payable serially thirty days from date, sixty days from date, and so on, until the last note in the series became payable.

The certificates and notes were duly delivered and the $108.98 in cash paid, and thereupon the contract became executed and complete, except as to the delivery of the advertising matter.

The purpose of the advertising matter was to call the attention of the public to the fact that this particular brand of whiskey which the defendant advertised was on sale by him.

No time was agreed upon for the delivery of this advertising material. In the absence of an agreement as to the time, the parties concur in the opinion that the law implies the delivery of the advertising material in a reasonable time. What would be a reasonable time for such delivery depends upon the terms of the sale and the circumstances surrounding the sale; and this ordinarily is a question of fact, and the conclusion of the trial court conclusive, unless the time found to have been reasonable was so short or so long that a court must hold as matter of law the finding erroneous. *Loomis* v. *Norman Printers Supply Co.*, 81 Conn. 343, 347, 71 Atl. 358.

Shortly after the contract was entered into the plaintiff began the preparation of the advertising material for shipment and placed its order for the manufacture of the watches with the manufacturer. It is the plaintiff's custom to ship to a customer all of

the advertising material agreed to be furnished him, when the order is substantially complied with. It is also its custom to ship this material as soon as it is notified that the retail dealer has withdrawn any of the whiskey from bond, although sometimes the shipment is made at an earlier date. The defendant did not at any time withdraw any of the whiskey from bond.

On July 3d, 1915, the first of the notes was presented for payment and the same refused. At this time none of the advertising matter had been delivered to the defendant. On July 8th, 1915, the defendant notified the plaintiff that by reason of the failure of the plaintiff to deliver the advertising matter he cancelled the notes and asked for the return of the remaining notes and the $108.98, and he thereupon returned to the plaintiff the three certificates for whiskey in bond.

On July 14th, 1915, the plaintiff shipped all of the advertising matter except the watches to the defendant, but upon tender to him he refused to accept it. At the date of maturity of the first note the watches were in process of manufacture; and at the date of maturity of the second note, on August 3d, 1915, and at the time of the institution of this action, the watches had not been completed by the manufacturer.

In his brief the defendant says: "The appeal presents a single question, whether or not, according to the specific terms of this written contract, the defendant did not have the right to refuse to pay any of the notes he had given for the purchase of the whiskey if the material described in the memorandum was not delivered until after the maturity of the first note." The right to cancel the notes at the maturity of the first note would be undoubted, provided the failure to deliver the advertising material prior to that time was unreasonable. There is no relation between the period of delivery of the advertising material and the maturity of

the first note, so far as the finding informs us. The defendant did not deem this delivery essential to the beginning of the contract, for he paid in $108.98 at its execution, when he must have known some time would elapse before he received this material. The defendant had no occasion to make use of the advertising material prior to the institution of this action, since at no time did he withdraw any of the whiskey in bond. He at no time requested the delivery of the advertising material. So far as appears, up to the time when this action was begun, the plaintiff had done everything that could be reasonably expected of it to procure the watches.

The conclusion of the trial court, that the defendant was not legally justified in refusing to accept these articles and that the plaintiff was entitled to a judgment for the amount of said notes, necessarily involved a finding that the failure to deliver all of the advertising matter prior to the maturity of the first note, and the failure to deliver the watches prior to the institution of this action, was not unreasonable.

In our view the finding of the trial court cannot be said to be unwarranted in law.

There is no error.

In this opinion the other judges concurred.