PETER GALASSO *v.* J. H. COWLES

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued May 5—decided July 11, 1950

*Martin F. Stempien,* for the appellant (defendant).

*Neil F. Murphy,* for the appellee (plaintiff).

BALDWIN, J. On August 13, 1947, the plaintiff and the defendant, a manufacturer's distributor, signed a purchase and sales order by which the plaintiff agreed to buy and the defendant to sell fifteen vending machines. The machines were to be shipped f. o. b. Des Moines, Iowa. No time of shipment or delivery was stated in the order, which by its terms was declared to constitute the complete agreement between the parties. By August 15 the plaintiff had paid the agreed price, and on August 20 the manufacturer advised the plaintiff: "Your shipment will leave our factory via Express on Express Receipt No. 5344. Your shipment should arrive in a few days." On September 25 the

plaintiff notified the defendant by letter that he was rescinding the contract because he had not received the machines. Five cartons containing machines arrived at the Railway Express Agency in Bristol on October 28 and the balance on November 28. The plaintiff refused to accept them and brought suit to recover the purchase price. The trial court entered judgment for the plaintiff upon the ground that the defendant had failed to make delivery of the goods within a reasonable time. The defendant alleged error in this ruling.

When a written contract to sell contains no agreement as to the time of delivery, the law requires that delivery be made within a reasonable time. General Statutes § 6658. *Rochester Distilling Co.* v. *Geloso,* 92 Conn. 43, 45, 101 A. 500. What constitutes a reasonable time is usually a question of fact under all the circumstances. *Rochester Distilling Co.* v. *Geloso,* supra; *Loomis* v. *Norman Printers Supply Co.,* 81 Conn. 343, 347, 71 A. 358. Upon the facts of this case, delivery to the carrier was all that was required. General Statutes § 6661. Unless such delivery was made within a reasonable time, the plaintiff was entitled to rescind as he did.

The trial court found, as conclusions, that the delivery of the goods was not made within a reasonable time and that there was no proof submitted showing that a shipment left the manufacturer within a reasonable period of time. These actually constitute the finding of primary facts. Since by stipulation the evidence is not included in the record, we cannot say that these findings were erroneous. Even though as conclusions they be regarded as finding support only in part in certain of the subordinate facts found, it sufficiently appears that they were "obviously made, not merely as deductions from the other facts found, but upon all the

evidence in the case." *Slosberg* v. *Norwich,* 115 Conn. 578, 581, 162 A. 772; Conn. App. Proc. § 79.

There is no error.

In this opinion the other judges concurred.