DANBURY RUBBER COMPANY *v.* LOCAL 402, UNITED RUBBER, CORK, LINOLEUM AND PLASTIC WORKERS OF AMERICA, C.I.O.

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued January 8—decided January 28, 1958

*William H. Timbers,* with whom were *Barry H. Garfinkel,* of the New York bar, and *Morgan P. Ames,* for the appellant (plaintiff).

*Daniel Baker,* for the appellee (defendant).

BALDWIN, J. This appeal presents the question whether an arbitration award was made in time. The plaintiff and the defendant were operating under a collective bargaining agreement which provided for a grievance procedure. The agreement stated that if the preliminary measures for settling a grievance did not result in an adjustment, the grievance should be submitted to the Connecticut State Board of Mediation and Arbitration "to act as arbitrators whose decision shall be final and binding on both parties." The agreement did not fix any time within which a decision should be made. The defendant referred a grievance to the board on September 22, 1955. On

January 5 and 25 and March 8, 1956, a panel of the board held hearings in which both the plaintiff and the defendant participated. After the receipt of the transcript of these hearings, the parties submitted their briefs on April 30, 1956. On September 5, 1956, the arbitrators, by a divided vote, rendered an award in favor of the defendant. The plaintiff brought an application under General Statutes § 8161 to vacate the award for the reason, inter alia, that it was not rendered (1) within the sixty-day period stated in General Statutes § 8159, or (2) within a reasonable time. The trial court denied the application.

The answer to the first claim depends upon whether § 8159 is applicable. This section is contained in chapter 398 of the General Statutes and was enacted in 1929 as part of "An Act Providing for the Arbitration of Disputes." Public Acts 1929, c. 65, § 9. The section has remained unchanged since that time. The pertinent portions are set forth in the footnote.[1] Long before, in 1895, the General Assembly had passed "An Act Creating a State Board of Mediation and Arbitration." Public Acts 1895, c. 239. This act provided in general for the submission of grievances and disputes between an employer and his employees to a board of mediation and arbitration. Section 3 stated: "After a matter has been fully heard, the . . . board, or a majority of its members, shall within ten days render a decision thereon in writing." This

---

[1] "Sec. 8159. TIME WITHIN WHICH AWARD SHALL BE RENDERED. If the time within which an award shall be rendered shall not have been fixed in the arbitration agreement, the arbitrator or arbitrators or umpire shall render the award within sixty days from the date on which such arbitrator or arbitrators or umpire were empowered to act. An award made after that time shall have no legal effect unless the parties expressly extend the time in which such award may be made, which extension or ratification shall be in writing. . . ."

section, with some legislative changes to be discussed hereinafter, is presently § 3029d of the 1955 Cumulative Supplement[2] and is a part of chapter 369 of the General Statutes. It is to be noted that the provisions of §§ 8159 and 3029d as to the time within which the decision of the arbitrators shall be made differ radically. Section 8159 states that an award made after the 60-day limit shall have no legal effect unless the parties expressly in writing extend the time. On the other hand, § 3029d simply states that the panel "shall, within fifteen days, render a decision." We have held that the time limitation in § 3029d is directory and not mandatory. *International Brotherhood of Teamsters* v. *Shapiro,* 138 Conn. 57, 67, 82 A.2d 345. Consequently, if § 3029d is applicable, there is no statutory limitation of time the nonobservance of which renders the award voidable. In *Pratt, Read & Co.* v. *United Furniture Workers,* 136 Conn. 205, 206, 210, 70 A.2d 120, we recognized that chapters 369 and 398 of the General Statutes set up separate and distinct procedures, and we held that § 8159 did not apply to the arbitration of a dispute between an employer and its employees which had been submitted to the board of mediation and arbitration.

The plaintiff urges, however, that in the *Pratt, Read* case, supra, this court was concerned with § 7384, which is contained in chapter 369, pertaining to the board of mediation and arbitration, and is presently § 3028d of the 1955 Cumulative Supplement. This statute deals, not with the arbitration of

---

[2] "Sec. 3029d. DECISION TO BE IN WRITING. After a matter has been fully heard, the panel, by a majority of its members, shall, within fifteen days, render a decision thereon in writing, signed by a majority of the members of the panel, stating such details as will clearly show the nature of the decision and the points disposed of by said panel. . . ."

a dispute, but with the mediation of one. The plaintiff urges, furthermore, that § 8159 superseded § 3029d. Although in the *Pratt, Read* case we were dealing with § 7384, nevertheless the fact is that the employer in that case was seeking to enforce the limitation imposed by § 8159 on an award made by the board of mediation and arbitration, and we decided (p. 210) that § 8159 did not apply. Be that as it may, it is a well-recognized rule of statutory construction that when two statutes appear to be repugnant, it is the duty of the court to construe them so that both are operative if that is reasonably possible. *Shanley* v. *Jankura*, 144 Conn. 694, 702, 137 A.2d 536. When the legislative history of §§ 3029d and 8159 is reviewed in the light of this rule, the fact that they are not repugnant becomes apparent. Chapter 239 of the Public Acts of 1895, creating a board of mediation and arbitration, is presently chapter 369 of the General Statutes, the 1955 Cumulative Supplement to which contains both § 3028d and § 3029d. This chapter was designed to deal exclusively with employer-employee grievances and disputes. It provides a complete procedure up to the making of a decision by the board. Chapter 65 of the Public Acts of 1929, presently General Statutes, chapter 398, which contains § 8159, deals, on the other hand, with the subject of arbitration generally. *Pratt, Read & Co.* v. *United Furniture Workers,* supra, 206.

In the 1949 session of the legislature, several bills proposing to amend specific provisions of chapter 369 of the General Statutes were introduced and hearings were held before the committee on labor. Hearings before the Joint Standing Committee on Labor, Conn. Gen. Assembly, 1949 Sess., p. 15 et seq. Thereafter, the legislature enacted Public Acts 1949, No. 332. This legislation presently appears as chap-

ter 369 of the 1955 Cumulative Supplement and embraces § 3029d, which amends its predecessor, § 7385. By this amendment, which is only one of the extensive amendments to the chapter, the time limitation for reaching a decision was increased from ten to fifteen days. In considering the intended operation of a statute, courts must presume that the legislature in enacting it had existing relevant legislation in mind. *Norwalk* v. *Daniele,* 143 Conn. 85, 87, 119 A.2d 732, and cases cited. In view of this cardinal principle of statutory construction, the General Assembly, by specifically dealing in § 3029d with the time limitation, demonstrated an intent that the limitation of sixty days provided for in § 8159 should not apply to an award by the board of mediation and arbitration. A reasonable construction of the intent expressed is that the board should be governed by the specific legislation enacted for its guidance and not by general legislation pertaining to arbitration. The two sections are not necessarily so repugnant that § 8159 precludes the operation of § 3029d when a matter is referred to the board of mediation and arbitration by specific agreement of the parties, as was done in the instant case. If the plaintiff had desired to have the general provisions relative to arbitration apply, it should not have selected the board of mediation and arbitration as the arbitrators, for by so doing, it committed itself to the specific statutes relative to that board, so far as they were operative in the matter. This is not to say that § 8161, which provides for vacating an award, is not applicable. It is, but the time limitation which pertains is the one governing the conduct of the board of mediation and arbitration and not that which concerns arbitration awards generally. The trial court was correct in concluding that § 8159 did not apply.

There remains for discussion the plaintiff's claim that the award was not rendered within a reasonable time. In this connection the plaintiff attacks three paragraphs of the finding. The court found that the transcript of the testimony before the panel had to be typed after the close of the last day of the hearings, March 8, 1956, and given to counsel and the arbitrators. Since the briefs of the parties were not submitted to the arbitrators until April 30, 1956, presumably by agreement, the claim that this finding was unwarranted is without merit. The panel could not have rendered its decision before April 30. Section 3029d specifically provides that "after a matter has been fully heard, the panel" shall render its decision in writing. It cannot be said that the matter had been fully heard until the briefs offered by counsel were in the hands of the arbitrators. Another finding under attack is that the plaintiff made no claim or offered no proof that it had been prejudiced by the delay of four months which ensued between the filing of the briefs and the decision of the panel. Under all the circumstances this was not an improper finding. The other claim of error in the finding is without merit and requires no discussion.

In the absence of a mandatory time limitation, an award of arbitrators may be made within a reasonable time. *Chicago, M. & St. P. Ry. Co.* v. *Stewart,* 19 F. 5, 6; *Lewiston-Auburn Shoeworkers Protective Assn.* v. *Federal Shoe, Inc.,* 150 Me. 432, 438, 114 A.2d 248; Sturges, Commercial Arbitrations & Awards, p. 521. What is a reasonable time is a question of fact upon the circumstances of a particular case. *Galasso* v. *Cowles,* 137 Conn. 111, 112, 75 A.2d 46, and cases cited. In view of the slow pace of the proceedings up to the time the hearings were concluded, and the failure of either party to object or

claim prejudice because of it, the court's conclusion was not erroneous as a matter of law.

There is no error.

In this opinion the other judges concurred.