LEROY ROBINSON *v.* COMMERCIAL CONTRACTORS, INC.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 6-56-20080

Argued November 2—decided December 11, 1970

*Michael J. Sullivan,* of New Haven, for the appellant (defendant).

*Robert S. Evans,* of New Haven, for the appellee (plaintiff).

CASALE, J. The plaintiff brought this action to recover damages for the refusal of the defendant to allow him to remove from a building demolition site a large quantity of brick which the plaintiff had contracted to purchase from the defendant for $4000. The defendant filed a counterclaim for the balance of the purchase price, claiming that the plaintiff was to have completed removal of the purchased brick from the site by Thanksgiving Day, 1964, and that he failed and neglected to do so, to the loss and damage of the defendant. The court found all issues on the complaint and the counterclaim for the plaintiff and rendered judgment for

the plaintiff for $2005 on the complaint, whereupon the defendant appealed.

The defendant filed a motion to correct the court's finding of facts by striking several paragraphs and parts of paragraphs and by adding several paragraphs. The court granted some requests and denied the remainder. The defendant's assignments of error challenging the court's finding of subordinate facts are not briefed and therefore need not be considered and are treated as abandoned. Practice Book § 1019.

With such corrections as were made to the finding by the court, the following facts were found: The plaintiff was in the business of obtaining used brick for resale. In October, 1964, he negotiated with the defendant for the purchase of brick from a building the defendant had contracted to demolish for Olin Mathieson Chemical Corporation. The plaintiff examined the building and concluded that he could obtain a minimum of 115 truck loads of brick therefrom and that he might get as many as 150 to 200 loads. The defendant represented to the plaintiff that there were reasonably 150 to 200 loads to be had. On October 13, 1964, the parties entered into a written agreement whereby the plaintiff agreed to purchase the brick for $4000 and to clean and remove it from the demolition site. The agreement provided for a deposit of $1500 and for $500 per week to be paid thereafter. The written agreement does not contain a completion date. The defendant had trucked fill to the demolition site at the beginning of the job to compensate for the brick which was to be removed by the plaintiff, and the defendant was required, under its contract with the Olin Mathieson Chemical Corporation, to remove excess fill at the end of the job. Good brick was bulldozed by the defendant into the basement. The plaintiff was refused brick while the defendant was using

brick for fill purposes. When the plaintiff called the defendant to complain about the lack of brick, an official of the company "asked for the balance of the money and hung up" on the plaintiff. The plaintiff was on the job at all times. He paid the defendant the sum total of $2000. The plaintiff was able to take out only twenty-five loads of brick from the job. He removed brick from October, 1964 to late December, 1964. Thanksgiving Day was a "target date" for completion and was not part of the purchase agreement.

From these facts the trial court reached the following conclusions: The parties entered into a contract for the acquisition by the plaintiff of 150 to 200 loads of brick for $4000. No completion date was agreed on by the parties. A reasonable period of time was necessary to allow the plaintiff to remove the purchased brick from the demolition site. The plaintiff was denied the opportunity of removing the brick purchased. The defendant used much of the brick contracted for to fill the basement, at a great saving to the defendant. The contract was broken by the defendant.

Although the assignment of errors sets forth that the court erred in all of the conclusions reached by it, the only conclusion briefed and pursued in argument is the conclusion that the plaintiff was denied a reasonable time by the defendant to remove more brick from the demolition site. The other assignments of error directed to the court's conclusions need not, therefore, be considered by us. Practice Book § 1019.

The contested conclusion of the court is to be tested by the finding and must stand unless it is legally or logically inconsistent with the facts found or unless it involves the application of some erroneous rule of law material to the case. *Brauer* v. *Freccia,* 159 Conn. 289, 293.

It has long been settled law that where no time is specified for the fulfilment of a contract it must be carried out within a reasonable time. *Parkway Trailer Sales, Inc.* v. *Wooldridge Bros., Inc.,* 148 Conn. 21, 26; *Texas Co.* v. *Crown Petroleum Corporation,* 137 Conn. 217, 227; *Galasso* v. *Cowles,* 137 Conn. 111; *Hartford-Connecticut Trust Co.* v. *Cambell,* 97 Conn. 251, 258; 17A C.J.S., Contracts, § 503 (1); 17 Am. Jur. 2d, Contracts, § 329. The next question is, what constitutes reasonable time?

What is a reasonable time is usually a question of fact under all the circumstances. *Galasso* v. *Cowles,* supra; *Hartford-Connecticut Trust Co.* v. *Cambell,* supra. "What constitutes a reasonable time within which an act is to be performed where a contract is silent upon the subject depends on the subject matter of the contract, the situation of the parties, their intention and what they contemplated at the time the contract was made, and the circumstances attending the performance." 17 Am. Jur. 2d 765, Contracts, § 330.

In its brief, the defendant argues that the plaintiff had approximately sixty days to remove brick from the demolition site and that that period constituted a reasonable time for him to have removed all the brick to which he was entitled. The finding states the plaintiff removed brick from October, 1964, to late December, 1964; on the whole record, it is questionable whether he did in fact have sixty days. Whatever the number of days, however, there is nothing in the finding indicating how many days in that period there was brick on the ground available for removal by the plaintiff; nor is there anything in the finding indicating how many days were unsuitable for brick removal because of weather conditions. The defendant was in charge of the demolition of the building. The progress of the

demolition work could determine to a large extent when and in what quantity brick would be available on the ground for removal by the plaintiff.

The subordinate facts found by the trial court indicate that the defendant refused the plaintiff brick; that the defendant had bulldozed good brick into the basement and had used brick for fill purposes; that the plaintiff had complained to the defendant about the lack of brick; and that he was unable to take more than twenty-five loads "because of the action of the defendant."

The trial court was justified in the conclusion that the plaintiff was denied reasonable time to remove the purchased brick from the demolition site.

There is no error.

In this opinion DEARINGTON and JACOBS, Js., concurred.