[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Summary judgment is appropriate where the pleadings, and other documentary evidence submitted, demonstrate that the moving party is entitled to judgment as a matter of law because there is no genuine issue as to any material fact of the case. Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990). A "material" fact is "a fact which will make a difference in the result of the case." Na-Mor, Inc. v. Roballey, 24 Conn. App. 215, 217,587 A.2d 427 (1991), quoting United Oil Co. v. Urban Redevelopment Commission, 58 Conn. 364, 379, 260 A.2d 596 (1969). The burden is on the movant to show the absence of any genuine issue as to all the material facts, and the evidence is viewed "in the light most CT Page 2301 favorable to the nonmoving party." Connell, supra, 247.
The plaintiffs argue that the defendants, American and Brier, failed to close the sale of the property on May 31, 1991, and the defendants have not alleged any fault of the plaintiffs or any special defenses which would have negated their breach. The plaintiffs argue that the defendants failed to close the sale by May 31, 1991, when time was of the essence, and therefore are liable for compensatory and consequential damages occurring from that breach.
The defendants contend that the closing date of May 31, 1991, was extended by agreement of the parties. The defendants also argue that no breach occurred due to this extension of the closing date and the subsequent refusal of the plaintiffs to close unless the road was paved, despite no written contractual obligation on defendant's part to do so.
The original contract did not state that time was of the essence. The parties therefore had a reasonable time in which to close the sale of the property beyond the scheduled closing date. The plaintiffs' letter of April 29, 1991, demanded a closing date of May 31, 1991, and that time is of the essence. When this date came and went with no closing, the plaintiffs demanded a new closing date of June 27, 1992, by letter from their attorney, and also that the road in front of the house must be paved. While this had been discussed between the parties, this was the first time that it was placed in writing to be a term of the contract.
If a party, by his conduct, waives the right to strict compliance with the contract provisions, the other party has a reasonable time in which to perform. Bradford Novelty Co. v. Technomatic, Inc., 142 Conn. 166, 171, 112 A.2d 214 (1955). What constitutes a reasonable time is a question of facts. Id. "Our Supreme Court has repeatedly held that `what the parties intended to encompass in their contractual commitments is a question of the intention of the parties, and an inference of faith'" (citations omitted). Eastern Bus Lines, Inc. v. Board of Education, 7 Conn. App. 581,584, 509 A.2d 1071 (1986).
The parties have continually changed the closing date as well as the obligation of the paving of the road. The intent of the parties under the contract is a question of fact and summary judgment is denied as to count one. CT Page 2302
Under Connecticut law the corporate veil may be pierced under the "instrumentality" or "identity" rules. United Electrical Contractors Inc. v. Progress Builders, Inc., 26 Conn. App. 749,755, A.2d (1992).
 . . . Under the instrumentality rule, in any case but that of express agency, proof of three elements is required: "`(1) Control, not mere majority or complete stock control, but complete domination, not only of finances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; (2) that such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of plaintiff's legal rights; and (3) that the aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.'" Saphir v. Neustadt, supra, 10; Falcone v. Night Watchman, Inc.; 11 Conn. App. 218, 220 n. 2, 526 A.2d 550 (1987).
 Under the "identity" rule, as stated in Zaist v. Olson, 154 Conn. 563, 576, 227 A.2d 562 (1967), the corporate veil may be pierced when the plaintiff shows "`"such a unity of interest and ownership that the independence of the corporation had in effect ceased or had never begun, [and that] an adherence to the fiction of separate identity would serve only to defeat justice and equity by permitting the economic entity to escape liability arising out of an operation conducted by one corporation for the benefit of the whole enterprise.". . .'" (Citations omitted.) Falcone v. Night Watchman, Inc., supra, 221.
In Connecticut the court may pierce the corporate veil "`only under exceptional circumstances, for example, where the corporation is a mere shell, serving no legitimate purpose, and used primarily as an intermediary to perpetuate fraud or promote CT Page 2303 injustice.'" United Electrical Contractors, supra, 755, quoting Angelo Tomasso, Inc. v. Armor Construction Paving, Inc.,187 Conn. 544, 557, 447 A.2d 406 (1982).
Piercing the corporate veil should only rarely occur. "the issue of whether the corporate veil is pierced presents a question of fact." Angelo Tomasso, supra, 561.
The issue of whether the defendants, American Homes, Inc. and Connecticut Land Vest Associates, Inc., are mere shells and used by Glenn Brier to perpetuate fraud or escape personal liability are questions of fact. The plaintiffs' motion for summary judgment as to counts three and five is denied.
SYLVESTER, J.