[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was commenced by the plaintiff to recover the deposit of Eleven Thousand Dollars for the Sale of Real Estate as liquidated damages arising out of a Sales Agreement between Susan Hansen ("Hansen") the Seller and Karen Kumor ("Kumor") the Buyer. A realtor, H. Pearce Company, agent for the Seller, Hansen was a named defendant because it had refused to turn over the deposit of the defendant Kumor which is now held in escrow by the attorneys representing the parties. The case has been withdrawn as to H. Pearce Company. The defendant, Kumor counterclaims for damages, asserting inter alia that Hansen breached the Sales Agreement by not closing on dates later agreed to between the parties; that the plaintiff failed to make repairs prior to the closing date; and that the defendant incurred relocation expenses in purchasing a substitute residence.
The Sales Agreement, ("Agreement") Exhibit A entered into between the parties dated June 10, 1992 called for a closing date of July 24, 1992. The Agreement further provided for a cash deposit of $11,000. Under paragraphs 13, 14 and 15 the Agreement provided:
 "13. BUYER shall have occupancy and possession of the premises on the date of closing.
 14. It is further agreed that BUYER shall have the further right, prior to closing, and with prior notice to SELLER, to make a final inspection of the property.
 15. If the BUYER defaults under this agreement and SELLER is not in default, all sums required to be paid under Part 2A 
2B shall be paid over to and retained by the SELLER as liquidated damages and both parties shall be relieved of further liability under this agreement. If there is a dispute between SELLER and BUYER while Broker is holding any deposit, Broker shall hold such deposit until rights to it are determined by written agreement of the parties or by court order."
The principal issue in this case is that concerning the date to close. The Agreement did not provide that time is of the essence. The Agreement provided that the mortgage contingency clause was not available to the Buyer, Kumor, after July 15, 1992. The defendant Kumor argues that the plaintiff breached the Agreement because the Seller, Hansen, had failed to complete CT Page 11752 prior to closing certain work as provided in a modification, to the Agreement Addendum "F" (Exhibit B), which was signed and dated July 7, 1992. The defendant, Kumor further asserts that Hansen breached the Agreement because she failed to close at the time specified in the contract or within one week thereafter.
The plaintiff although she had not had the items on Addendum F repaired prior to the closing had made arrangements verbally to have all the items done.
Ms. Planicko, a real estate agent with Pearce Company testified she had made the arrangements for the attic bracing on July 9, 1992 which was to be done on July 27, 1992. The work on the attic was postponed because there was not a closing date set up yet. The contractor for the roof indicated his work could be done on short notice.
Planicko testified that Kumor on only her second visit to the premises in the presence of her agent Rosemary Perry, only wanted to see the house again. Kumor discussed that she was reapplying for a mortgage at another lender because rates had dropped and that Planicko related to Kumor that, Hansen wanted to move the closing date back to July 31 or later.
Item three of the addendum as to cellar cracks was not fulfilled because the contractor hired by Kumor to do other work required by her lender, failed to meet his appointment. Planicko spoke to Kumor's agent to tell her about the contractor's missed appointment on July 26, and no further mention was made about the closing. Not until July 17, 1992 did attorneys engaged by the parties try to arrange for the closing. All other items on Addendum F had been arranged for by Hansen or could have been complied with in a reasonable time after inspection. The plaintiff complied with Item I (See Exhibit C). Accordingly the court finds that the defendant has failed to establish by her burden or proof that Hansen breached the Agreement for failure to comply with "Addendum F."
From all the evidence adduced at trial the court finds that Kumor made no formal request or demand to close until July 28, 1992 which was further extended by her to July 31, 1992 with conditions attached (Exhibit L). On August 4 by fax and after a continuous fax war as to dates for closing between the parties by their lawyers, the plaintiff Hansen offered a closing date of August 4, 1992. Also on July 28, 1992, the attorney representing CT Page 11753 Kumor extended the date to July 31, 1992 on condition of payment of storage charges of $1,500.
At all times mentioned the parties were attempting to coordinate their moving to other premises which depended on the closing date changed by the parties over a short period of time in the Agreement. On August 1, 1992 Kumor made a written offer to purchase another residence in Madison (Exhibit D) and by letter dated August 4, 1992 notified through her attorney that she repudiated her agreement with Hansen demanding her $11,000 deposit returned.
The plaintiff argues:
 "Where a sales agreement does not indicate time is of the essence, it is presumed not to be unless the parties have expressed a contrary intent, Mihalyak v. Mihalyak, 11 Conn. App. 610, 616 (1987). Moreover, where a sales agreement does not expressly state that time is of the essence, and the circumstances of the parties' agreement do not indicate that such is the case, then the date fixed for the closing of title is merely formal, Fullerton v. McGowan, supra at 629, and Calandro v. Koons, supra at 380. Whether the parties intended time to be of the essence is a question of the intent of the parties, to be determined, as a matter of fact, from: (1) the language of the contract; (2) the circumstances attending its negotiation; and (3) the conduct of the parties in relation thereto, Kakalik v. Bernardo, supra at 393; Bead Chain Mfg. Co. v. Saxton Products, Inc., 183 Conn. 266, 274 (1981); and, Hughes v. Contemporary Mission, Inc., 180 Conn. 150, 152 (1980)."
 If a party, by his conduct, waives the right to strict compliance with the contract provisions, the other party has a reasonable time in which to perform. Bradford Novelty Co. v. Technomatic, Inc., 142 Conn. 166, 171, 112 A.2d 214
(1955). What constitutes a reasonable time is a question of fact. Id. "Our Supreme Court has repeatedly held that 'what the parties intended to encompass in their contractual commitments is a question of the intention of the parties, and an inference of fact"' (citations omitted). Eastern Bus Lines, Inc. v. Board of Education, 7 Conn. App. 581, 584, 509 A.2d 1071 (1986).
In the present case time of the essence was not placed in the CT Page 11754 contract. The contract was negotiated between the parties and their respective real estate agents. It is apparent that the Agreement as drawn did not place upon the parties dates fixed in stone for a closing. The conduct of the parties in this case demonstrated to the court that each of the parties was trying to coordinate the closing with their own individual concerns; one to relocate and the other to relinquish the premises and move to another location. The defendant Kumor did not allow a reasonable period of time for the closing after July 31, 1992 when she deliberately entered into another agreement to purchase maybe a more desirable property. The dates proposed to close by the plaintiff other than a fixed final determination by the defendant Kumor were reasonable under all the circumstances of this case. Additional work by Kumor to meet her new mortgage arrangements certainly led Hansen to believe that some of the claims of failure to repair as stated in Addendum F should be postponed until the date of the actual closing which still had not been fixed. To repudiate the contract on the next day of a proposed closing by the defendant is unreasonable.
Accordingly, the court finds that the defendant breached her agreement of June 10, 1992 and that Hansen may retain as liquidated damages the $11,000 recited in her agreement.
As to the claim for interest by the plaintiffs, the case was withdrawn as to the other defendant who held the deposit. At trial it was stated the $11,000 was being held in an interest bearing account by agreement of the parties. Therefore all sums held now in escrow in the amount of $11,000 plus interests shall be delivered to the plaintiff. Interest under § 37-3 of the Connecticut General Statutes is denied.
Judgment is entered in favor of the plaintiff in accordance with this decision on the complaint and the counterclaim.
Frank S. Meadow State Trial Referee