[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO ENFORCE STIPULATED JUDGMENT DATED JUNE 16, 2000 AND FOR JUDGMENT OF STRICT FORECLOSURE
These motions seek to enforce a stipulated judgment entered into by the parties on June 16, 2000 in settlement of a domestic matter. The judgment provided that the defendant pay the plaintiff the sum of $10,000 within thirty days thereafter. Failure to pay would entitle the plaintiff to foreclose on a mortgage held by him on the plaintiff's home. The agreement did not recite that time was of the essence, but did provide that the plaintiff would not offer any defenses.
In order to obtain the funds, the defendant applied and was approved for a bank mortgage. The parties are in agreement that the defendant did her best in good faith to obtain the mortgage. Due, however, to the bank's delays payment was not made to the plaintiff until 10 days after the due date. plaintiff now seeks to reject the funds and proceed to foreclosure on the defendant's property pursuant to the original note and mortgage. CT Page 13999
The defendant claims that the plaintiff, through his attorney, agreed to extend the payment date and waived the late payment.
Waiver is the intentional relinquishment of a known right. Majernicekv. Hartford Casualty Ins. Co., 240 Conn. 86, 97 (1997). There can be no waiver unless the party who is claimed to have waived a right has both the knowledge of the right and the intention to relinquish it. Farmers Mechanics Bank v. Kneller, 40 Conn. App. 115, 125 (1996). Waiver may be express or implied from the circumstances. Wadia Enterprises, Inc. v.Hirschfeld, 224 Conn. 240, 251 (1992). The party seeking to assert the waiver must show that it has been prejudiced thereby. Advest, Inc. v.Wachtel, 235 Conn. 559, 569 (1995). Waiver is an act of understanding that presupposes that a party has knowledge 1of its rights, but chooses not to assert them. Fissette v. DiPietro, 28 Conn. App. 379, 385 (1992).
At the evidentiary hearing on this motion, the defendant offered testimony by Elizabeth Calderone, a paralegal in the defendant's attorneys' office representing her in obtaining the mortgage financing to pay the plaintiff.
Ms. Calderone's uncontroverted testimony was that on Monday, July 17, 2000, (the due date) she spoke with the plaintiff's Attorney Gwen Dreilinger, after leaving a voice mail message for her on Friday, July 14th. She advised Attorney Dreilinger that the earlier closing date could not be met and asked "is the deal off?" Dreilinger responded that she hadn't heard from the plaintiff and "if he's not worried, I'm not worried."
Ms. Calderone further advised Attorney Dreilinger that payment would probably be made by the end of the week, Attorney Dreilinger replied "that's fine."
The closing took place within the estimated time. Ms. Calderone offered to deliver the $10,000 to Dreilinger but was told to mail it on July 24, 2000.
Ms. Calderone further testified that if Attorney Dreilinger had told her on July 17th that it was too late for the payment she wouldn't have closed the loan.
Clearly those statements, which this court finds credible, constitute a waiver by the plaintiff's attorney to the defendant's attorneys binding the plaintiff. Shuster v. Buckley, 5 Conn. App. 473, 479 (1985).
The court also finds that performance by the defendant was required to CT Page 14000 be reasonable under the circumstances. The defendant did perform (delivered payment) in a reasonable manner under the circumstances of this case. See Bradford Novelty Co. v. Technomatic, Inc., 142 Conn. 166,170-171 (1955).
This court therefore finds that the defendant has complied with the terms of the stipulated judgment and therefore the plaintiff's motions to enforce the stipulated judgment and for strict foreclosure are denied.
Freed, J.