DONNA J. EAST *v.* LISA M. LABBE ET AL.
(AC 18320)
(AC 18355)

O'Connell, C. J., and Landau and Sullivan, Js.

Submitted on briefs May 4—officially released August 17, 1999

*Keith S. McCabe* and *Andrew A. Cohen* filed a brief for the appellants (plaintiff and intervening plaintiff).

*Ann Grunbeck Monaghan, James L. Brawley* and *Joel M. Fain* filed a brief for the appellee (named defendant).

*Opinion*

PER CURIAM. These are consolidated appeals brought by the plaintiff, Donna J. East, and the intervening plaintiff, Easter Seal Society, Inc., from the judgment

of the trial court granting summary judgment in favor of the named defendant.[1] The sole issue on appeal is whether a golf cart is a "motor vehicle" for purposes of the "motor vehicle" exception to the exclusivity provision of the Workers' Compensation Act. General Statutes § 31-293a. The trial court held that a golf cart is not a motor vehicle for that purpose. Accordingly, the trial court held that the plaintiff's action was barred by the workers' compensation statute. We affirm the judgment of the trial court.

The plaintiff and the defendant are coworkers in the employ of Easter Seal Society, Inc. The plaintiff was riding as a passenger in a golf cart operated by the defendant when it went out of control causing the plaintiff to be thrown from the cart. It is not disputed that the accident occurred in the course of the plaintiff's employment. The trial court concluded that § 31-293a[2] bars the plaintiff from prosecuting this action against the defendant.

Our examination of the record and briefs persuades us that the judgment of the trial court should be affirmed. The issue regarding the underlying dispute was resolved properly in the trial court's thoughtful and comprehensive memorandum of decision. See *East* v. *Labbe*, 46 Conn. Sup. 24, 735 A.2d 371 (1998). Because that memorandum of decision fully addresses the arguments raised in this appeal, we adopt it as a proper

---

[1] The intervening plaintiff, Easter Seal Society, Inc., was originally named as a defendant. Its motion for summary judgment in that capacity was granted without objection. We refer in this opinion to Lisa M. Labbe as the defendant.

[2] General Statutes § 31-293a provides in relevant part: "If an employee . . . has a right to benefits or compensation under this chapter on account of injury . . . caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee . . . and no action may be brought against such fellow employee unless such wrong was wilful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1. . . ."

statement of the facts and the applicable law on those issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *In re Karrlo K.*, 40 Conn. App. 73, 75, 668 A.2d 1353 (1996).

The judgment is affirmed.