## DONNA J. EAST *v.* LISA M. LABBE ET AL.
### (SC 16196)

Borden, Norcott, Katz, Palmer and Vertefeuille, Js.

Argued February 17—officially released March 14, 2000

*Keith S. McCabe*, with whom, on the brief, was *Andrew A. Cohen*, for the appellants (plaintiff and intervening plaintiff).

*James L. Brawley*, with whom were *Catherine A. Stewart* and, on the brief, *Mary J. Ambrogio*, for the appellee (named defendant).

*Opinion*

PER CURIAM. The plaintiff, Donna J. East, and the named defendant, Lisa M. Labbe, were employees of the defendant Easter Seal Society, Inc.,[1] engaged in the

---

[1] Easter Seal Society, Inc., is also an intervening plaintiff for purposes of reimbursement of worker's compensation payments pursuant to General Statutes § 31-293 (a).

course of their employment, when the plaintiff was thrown from a golf cart operated by Labbe on property owned by the Easter Seal Society, Inc. In this action for personal injuries, the trial court, *Sullivan, J.*, granted summary judgment for the defendants on the grounds that: (1) the action was barred by the exclusivity of remedy provision of General Statutes § 31-293a;[2] and (2) the action was not based on the fellow employee's negligence in the operation of a motor vehicle as defined in General Statutes § 14-1 (a) (47).[3]

[2] General Statutes § 31-293a provides: "No right against fellow employee; exception. If an employee or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee unless such wrong was wilful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1. For purposes of this section, contractors' mobile equipment such as bulldozers, powershovels, rollers, graders or scrapers, farm machinery, cranes, diggers, forklifts, pumps, generators, air compressors, drills or other similar equipment designed for use principally off public roads are not 'motor vehicles' if the claimed injury involving such equipment occurred at the worksite on or after October 1, 1983. No insurance policy or contract shall be accepted as proof of financial responsibility of the owner and as evidence of the insuring of such person for injury to or death of persons and damage to property by the Commissioner of Motor Vehicles required by chapter 246 if it excludes from coverage under such policy or contract any agent, representative or employee of such owner from such policy or contract. Any provision of such an insurance policy or contract effected after July 1, 1969, which excludes from coverage thereunder any agent, representative or employee of the owner of a motor vehicle involved in an accident with a fellow employee shall be null and void."

[3] General Statutes § 14-1 (a) (47) provides: " 'Motor vehicle' means any vehicle propelled or drawn by any nonmuscular power, except aircraft, motor boats, road rollers, baggage trucks used about railroad stations or other mass transit facilities, electric battery-operated wheel chairs when operated by physically handicapped persons at speeds not exceeding fifteen miles per hour, golf carts operated on highways solely for the purpose of crossing from one part of the golf course to another, golf cart type vehicles operated on roads or highways on the grounds of state institutions by state employees, agricultural tractors, farm implements, such vehicles as run only on rails or tracks, self-propelled snow plows, snow blowers and lawn mowers, when used for the purposes for which they were designed and

On appeal, the Appellate Court affirmed the judgment of the trial court. The Appellate Court stated: "Our examination of the record and briefs persuades us that the judgment of the trial court should be affirmed. The issue regarding the underlying dispute was resolved properly in the trial court's thoughtful and comprehensive memorandum of decision. See *East* v. *Labbe*, 46 Conn. Sup. 24, 735 A.2d 371 (1998). Because that memorandum of decision fully addresses the arguments raised in this appeal, we adopt it as a proper statement of the facts and the applicable law on those issues." *East* v. *Labbe*, 54 Conn. App. 479, 480–81, 735 A.2d 370 (1999). We then granted the plaintiff's petition for certification to appeal.[4] This appeal followed.

After consideration of the record and briefs, and after oral argument, we agree with the determination of the Appellate Court that the trial court's thoughtful and comprehensive memorandum of decision properly resolved the underlying issue in this case. See *East* v. *Labbe*, supra, 46 Conn. Sup. 24. It would serve no useful purpose for us to repeat the discussion contained therein.

The judgment of the Appellate Court is affirmed.

---

operated at speeds not exceeding four miles per hour, whether or not the operator rides on or walks behind such equipment, bicycles with helper motors as defined in section 14-286, special mobile equipment as defined in subsection (i) of section 14-165 and any other vehicle not suitable for operation on a highway . . . ."

[4] We granted the petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly affirm the trial court's granting of summary judgment in favor of the named defendant based upon its determination that there was no genuine issue as to any material fact that the vehicle in question did not fall within the statutory definition of 'motor vehicle?' " *East* v. *Labbe*, 251 Conn. 925, 926, 742 A.2d 361 (1999).