[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, James Kelly (Kelly), has commenced this action against the defendant, Bruedan Corporation (Bruedan), for injuries that Kelly sustained when he was thrown off a golf cart operated by a fellow employee of the Southern Connecticut State University (SCSU) and allegedly leased to SCSU by Bruedan.[1] In counts one and two of his revised complaint, Kelly asserts a claim against Bruedan as the lessor of the subject golf cart under General Statutes § 14-154a. In count three, Kelly alleges that Bruedan was negligent in providing the golf cart.
Bruedan moves for summary judgment on counts one and two on the CT Page 6196 grounds that these counts cannot be maintained because the golf cart was not a motor vehicle within the ambit of General statutes § 14-154a.
General Statutes § 14-154a provides: "Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner." Section 14-154a does not define the term "motor vehicle." General Statutes § 14-1 (47), however, defines a motor vehicle as "any vehicle propelled or drawn by any nonmuscular power, except . . . [a] . . . vehicle not suitable for operation on a highway."
The case of East V. Labbe, 46 Conn. Sup. 24, 735 A.2d 371, aff'd per curiam, 54 Conn. App. 479, 481, 735 A.2d 370 (1999), aff'd per curiam,252 Conn. 359, 361, 746 A.2d 751 (2000), is controlling on when a golf cart is a motor vehicle. In East v. Labbe, supra, 46 Conn. Sup. 25, an employee was injured when she was thrown from a golf cart driven by a fellow employee. Both employees were acting within the scope of their employment; id.; but the trial court held that the injured employee could not recover against her fellow employee under General Statutes § 31-293a because the golf cart was not a motor vehicle within the meaning of General Statutes § 31-293a. Id., 28. In reaching its holding, the trial court looked to Pinheiro v. Board of Education,30 Conn. App. 263, 273-74, 620 A.2d 159 (1993), where the Appellate Court affirmed that a tractor was not a motor vehicle for purposes of General Statutes § 31-293a. In Pinheiro, the court noted first that the "definition of motor vehicle for purposes of . . . § 31-293a is controlled by the definition of motor vehicle in General Statutes §14-1." Id., 269. It noted second that the statutory definition of motor vehicle given in General Statutes § 14-1 excludes "special mobile equipment [such as tractors] . . . and any other vehicle not suitable for operation on a highway." Id., 269. The court reasoned that the phrase "`any other vehicle not suitable for operation on highway' must be understood by reference to the specifically enumerated vehicles that precede [the phrase], which are also excluded from the definition of a motor vehicle." Id., 272. Applying this reasoning, the court concluded that "most of the enumerated vehicles specifically excluded from the definition of motor vehicle in § 14-1 (a) (47) are capable of being operated on a highway but are nonetheless not suitable for such use because of their design." Id. The court noted that the tractor could not be registered because it lacked turn lights, rear view mirrors, windshield wipers, fenders, brakes on all wheels, a proper braking system, a proper stop light, parking lights, two tails lamps and suspension at each wheel and the ability to attain minimum speed requirements. Pinheiro v. Board of Education, supra,30 Conn. App. 266-67. CT Page 6197 The Pinheiro court concluded that "[t]he tractor . . . [did] not incorporate in its design many equipment items necessary for its registration and hence its suitability for operation on a highway." Id., 273.
The East v. Labbe court, in considering the question of whether a golf cart is a motor vehicle for purposes of General Statutes § 31-293a, examined the affidavits before it in light of Pinheiro: "[The affidavit of] John Yacavone, chief of legal services for the Connecticut department of motor vehicles states that "a golf cart is not registerable as a motor vehicle in the State of Connecticut, as a golf cart is not meant for on-the-road operation. . . . The affidavit lists twelve items of equipment which are not included on golf carts and which are required by statute. [The affidavit] also refers to § 14-103b of the regulations . . . which requires the vehicle to have a sustainable speed capability of forty miles per hour.'" East v. Labbe, supra, 46 Conn. Sup. 27. The court concluded that the "golf cart would not be a motor vehicle for the purposes of General Statutes § 14-293a, as the vehicle is not suitable for operation on the highway because it is not designed for such use." Id., 28.
Like the golf cart in East v. Labbe, the golf cart from which Kelly was thrown is not a motor vehicle for purposes of General Statutes §14-154a because it has "not [incorporated] in its design many equipment items necessary for its registration and hence [it is not suitable] for operation on a highway." East v. Labbe, supra, 46 Conn. Sup. 28. Scott Lowe, the vice president of the defendant, which is the exclusive distributor of this brand of golf cart, testified in his deposition that the golf cart lacked seat belts, a windshield, windshield wipers, parking lights and brakes on all four wheels. These items constitute five of the items which the state mandates as necessary for registration of a motor vehicle. In addition, he testified that the cart can attain a maximum speed of only twelve to fourteen miles per hour. This golf cart has not been equipped to be registered and is not suitable for operation on a highway. Therefore, it is not a motor vehicle within the meaning of General Statutes § 14-1 (47). Because the definition of a motor vehicle in General Statutes § 14-1, in turn, controls the definition of motor vehicle in General Statutes § 14-154a, the golf cart is not a motor vehicle within the meaning of General Statutes § 14-154a.
It is unnecessary to reach the question of whether Bruedan leased the golf cart because liability under § 14-154a requires both that the vehicle be a "motor vehicle" and that a lessor-lessee relationship exist.
Bruedan's motion for summary judgement as to counts one and two is granted. CT Page 6198
Bruce L. LevinJudge of the Superior Court