KEVIN P. CLOUKEY *v.* ROBERT C. LEUBA, CHIEF COURT ADMINISTRATOR, ET AL.

| Superior Court | Judicial District of Hartford | File No. CV-00-0598423S |

Memorandum filed October 5, 2000*

---

* Affirmed. *Cloukey* v. *Leuba*, 67 Conn. App. 221, 786 A.2d 1182 (2001).

*George C. Springer, Jr.*, for the plaintiff.

*Richard Blumenthal*, attorney general, and *Gregory T. D'Auria* and *Karla A. Turekian*, assistant attorneys general, for the defendants.

HON. ROBERT J. HALE, JUDGE TRIAL REFEREE. The plaintiff, Kevin P. Cloukey, filed an application for a writ of mandamus, dated April 24, 2000, against the defendants, Robert C. Leuba, chief court administrator for the state of Connecticut, Robin C. Smith, a clerk of the judicial district of Hartford, Harold J. Moan, official reporter for the judicial district of Hartford, and Judy Moquin, a court reporter for the judicial district of Hartford. The following facts are undisputed.

The plaintiff was arrested pursuant to a warrant dated October 21, 1994. On March 22, 2000, a jury acquitted the plaintiff of all of the charges included in the state's information that arose from the arrest warrant. The court reporter subsequently received a request from the public for the transcripts of the plaintiff's trial.

The plaintiff alleges that the defendants are not authorized by General Statutes §§ 54-142a[1] or 54-142c[2]

---

[1] General Statutes § 54-142a (a) provides in relevant part: "Whenever in any criminal case, on or after October 1, 1969, the accused, by a final judgment, is found not guilty of the charge or the charge is dismissed, all police and court records and records of any state's attorney pertaining to such charge shall be erased upon the expiration of the time to file a writ of error or take an appeal, if an appeal is not taken, or upon final determination of the appeal sustaining a finding of not guilty or a dismissal, if an appeal is taken."

General Statutes § 54-142a (h) provides: "For the purposes of this section, 'court records' shall not include a record or transcript of the proceedings made or prepared by an official court reporter, assistant court reporter or monitor."

[2] General Statutes § 54-142c (a) provides in relevant part: "The clerk of the court or any person charged with retention and control of erased records by the Chief Court Administrator or any criminal justice agency having information contained in such erased records shall not disclose to anyone the existence of such erased record or information pertaining to any charge erased under any provision of part I of this chapter, except as otherwise provided in this chapter."

to disclose court records that are subject to the erasure statute, § 54-142a. Section 54-142a requires that all police and court records be erased after the appeal period has expired. Subsection (h) exempts transcripts from the definition of "court records" within the meaning of § 54-142a (a). Prior to Public Acts 1996, No. 96-63 (P.A. 96-63), which became effective on October 1, 1996, trial transcripts were included, however, within the definition of "court records" subject to erasure. The plaintiff alleges that P.A. 96-63, which exempts trial transcripts from the definition of court records, was not intended to apply retroactively to cases that were pending at the time of its enactment, and because the case against him was commenced on October 21, 1994, and was pending at the time of the enactment of P.A. 96-63, the public act does not apply to the transcripts of his case. Accordingly, the plaintiff alleges that the transcripts from his trial are subject to erasure and that disclosure of those records to the general public would violate § 54-142a (a). The plaintiff prays that the defendants be ordered to comply with § 54-142a, and be enjoined from disclosing any and all court records, including trial transcripts, to the general public and, further, that the defendants be directed to erase and destroy said court records, including transcripts, as provided by § 54-142a. The plaintiff also prays for such further and different relief as the court deems just and proper.

On May 24, 2000, the defendants filed a motion for summary judgment and a supporting memorandum of law, pursuant to Practice Book § 17-44, on the ground that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. The defendants argue that the parties agree that P.A. 96-63 does not apply retroactively and should be construed as applying prospectively only, and that a prospective statute operates on conduct, events and

circumstances that occur after its enactment. The defendants argue that pursuant to the terms of § 54-142a, before and after the passage of P.A. 96-63, the right to erasure vests only after the time the conditions for erasure are satisfied, which would be after an acquittal and the expiration of the appeal period. Therefore, in prosecutions such as that of the plaintiff, which was in progress but had not reached the final disposition on October 1, 1996, the date that P.A. 96-63 became effective, the conditions for erasure were not yet vested. Hence, applying P.A. 96-63 to the plaintiff's case constitutes a proper prospective application of the act.

In addition, the defendants have submitted an opinion by the Connecticut attorney general; Opinions, Conn. Atty. Gen. No. 96-011 (August 2, 1996); in which the attorney general, in response to questions posed by the then chief court administrator, indicated that the exclusion of a transcript of the proceedings prepared by a court reporter from the meaning of "court records" in § 54-142a applies to cases that were filed but not yet disposed of as of October 1, 1996. The attorney general also responded that the exclusion of a transcript from the meaning of "court records" in § 54-142a applies to offenses committed prior to October 1, 1996, but in which the establishment of a court file does not occur until on or after October 1, 1996.

On May 26, 2000, the plaintiff filed a motion for summary judgment and a supporting memorandum of law on the ground that he is entitled to an order directing that police and court records, including trial transcripts in the criminal case in which he was acquitted, be erased as required by law. The plaintiff argues that because neither the statute nor the legislative history provides that P.A. 96-63 be applied retroactively, the law in effect at the time that the criminal case against him was commenced is the law that should apply now. The plaintiff further argues that a party charged with a crime prior

to October 1, 1996, reasonably could rely on the statute as protecting their privacy upon acquittal with respect to all court documents, including transcripts. The plaintiff incorporated into his supporting memorandum of law the arguments from his motion to preclude the release of court records, dated April 3, 2000, which was withdrawn. In that motion, the plaintiff argued that a statute should not be applied retroactively to pending actions unless the legislature clearly expressed an intent that it should be applied retroactively. The plaintiff also argues that disclosure of information subject to the erasure statute, § 54-142a, is not permitted pursuant to § 54-142a (a) during the twenty day appeal period.

There was no opposition filed with respect to either motion for summary judgment. The parties appeared, however, at short calendar to argue in support of their respective motions.

"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." (Citations omitted.) *Wilson* v. *New Haven*, 213 Conn. 277, 279, 567 A.2d 829 (1989).

"The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) *Witt* v. *St. Vincent's Medical Center*, 252 Conn. 363, 368, 746 A.2d

753 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Id. "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." *Nolan* v. *Borkowski*, 206 Conn. 495, 500, 538 A.2d 1031 (1988). "[T]he writ of mandamus is an extraordinary remedy to be applied only under exceptional conditions, and is not to be extended beyond its well-established limits." (Internal quotation marks omitted.) *Hennessey* v. *Bridgeport*, 213 Conn. 656, 659, 569 A.2d 1122 (1990). "It is well established that mandamus will issue only if the plaintiff can establish: (1) that the plaintiff has a clear legal right to the performance of a duty by the defendant; (2) that the defendant has no discretion with respect to performance of that duty; and (3) that the plaintiff has no adequate remedy at law." (Internal quotation marks omitted.) *Stratford* v. *State Board of Mediation & Arbitration*, 239 Conn. 32, 44, 681 A.2d 281 (1996). "Even satisfaction of this demanding [three-pronged] test does not, however, automatically compel issuance of the requested writ of mandamus. . . . In deciding the propriety of a writ of mandamus, the trial court exercises discretion rooted in the principles of equity." (Citation omitted.) *Hennessey* v. *Bridgeport*, supra, 659.[3]

Prior to P.A. 96-63, transcripts were not excluded from the meaning of "court records" under § 54-142a,

---

[3] "An action for mandamus is a lawsuit like any other lawsuit. . . . In addition . . . the general rules of pleading apply in a mandamus proceeding." (Citation omitted.) *Marciano* v. *Piel*, 22 Conn. App. 627, 628–29, 579 A.2d 539 (1990). See also Practice Book § 23-49, which provides in relevant part: "Pleadings in Mandamus

"The defendant may file any proper motion directed to the allegations of the complaint . . . and further pleadings shall continue as in civil actions. . . ." Thus, a party may file a motion for summary judgment in an action for mandamus.

and a criminal defendant who was found not guilty of a charge was entitled to have all court records pertaining to the charge against him, including transcripts, erased. P.A. 96-63 repealed § 54-142a, and the current version of § 54-142a, which is substantially the same as the former except for the addition of subsection (h), was substituted in lieu thereof. The issue in the present case is whether the plaintiff, who was acquitted of the charges brought against him, is subject to the current version of § 54-142a, whereby the transcripts of his trial would not be subject to erasure, or whether he is subject to the pre-1996 version of § 54-142a, whereby the transcripts of his trial would be subject to erasure.

Whether cases pending at the time P.A. 96-63 became effective are subject to the current version of the statute is a question of statutory interpretation. "The process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of this case . . . . In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *State* v. *Quinet*, 253 Conn. 392, 413–14, 752 A.2d 490 (2000). Courts "generally look to the statutory language and the pertinent legislative history to ascertain whether the legislature intended that the amendment be given retrospective effect." (Internal quotation marks omitted.) *Oxford Tire Supply, Inc.* v. *Commissioner of Revenue Services*, 253 Conn. 683, 692, 755 A.2d 850 (2000). "We will not give retrospective effect to a criminal statute absent a clear legislative expression of such intent." *State* v. *Quinet*, supra, 414.

"A cardinal rule of statutory construction is that where the words of a statute are plain and unambiguous the intent of the [drafters] in enacting the statute is to be derived from the words used." *State* v. *Pellegrino*, 194 Conn. 279, 284, 480 A.2d 537 (1984). "Statutory language is to be given its plain and ordinary meaning unless such meaning is clearly at odds with the legislative intent." (Internal quotation marks omitted.) *State* v. *Ayala*, 222 Conn. 331, 345, 610 A.2d 1162 (1992). "The court must interpret the statute as written . . . and it is to be considered as a whole, with a view toward reconciling its separate parts in order to render a reasonable overall interpretation." (Citation omitted.) *Ganim* v. *Roberts*, 204 Conn. 760, 763, 529 A.2d 194 (1987). "Courts may not by construction supply omissions in a statute, or add exceptions merely because it appears to them that good reasons exist for adding them." (Internal quotation marks omitted.) *State* v. *Baker*, 195 Conn. 598, 602, 489 A.2d 1041 (1985). "[C]riminal statutes are not to be read more broadly than their language plainly requires and ambiguities are ordinarily to be resolved in favor of the defendant. . . . [U]nless a contrary interpretation would frustrate an evident legislative intent, criminal statutes are governed by the fundamental principle that such statutes are strictly construed against the state." (Citation omitted; internal quotation marks omitted.) *State* v. *Velasco*, 253 Conn. 210, 220, 751 A.2d 800 (2000).

In interpreting § 54-142a, the court should first look to the legislative history of P.A. 96-63. See *State* v. *Quinet*, supra, 253 Conn. 414. The legislative history of P.A. 96-63 indicates that a primary reason in excluding trial transcripts from the meaning of "court records" pursuant to § 54-142a was to preserve a record, notwithstanding a criminal defendant's acquittal, to facilitate a victim's ability to file a complaint with the judicial review council in situations in which a judge allegedly

engages in misconduct during the trial. Conn. Joint Standing Committee Hearings, Judiciary, Pt. 4, 1996 Sess., pp. 991–93, 1020–26; 39 S. Proc., Pt. 7, 1996 Sess., pp. 2130–38, remarks of Senator Thomas F. Upson. A transcript would provide a record of actual testimony, evidentiary rulings by the judge and activities that occurred during the trial to present to the judicial review council. 39 S. Proc., supra, pp. 2130–38. The legislative history also indicates that another reason behind the amendment to exclude transcripts was to preserve a record for a civil action. See Conn. Joint Standing Committee Hearings, supra, p. 1021. The language and legislative history of P.A. 96-63 is silent with regard to whether the legislature intended that the amendment be applied to criminal defendants whose cases were pending at the time of the amendment. "We are bound to interpret legislative intent by referring to what the legislative text contains, not by what it might have contained." *Local 218 Steamfitters Welfare Fund* v. *Cobra Pipe Supply & Coil Co.*, 207 Conn. 639, 645, 541 A.2d 869 (1988).

The court, however, finds the opinion of the attorney general on this issue highly persuasive. "Although an opinion of the attorney general is not binding on a court, it is entitled to careful consideration and is generally regarded as highly persuasive." (Internal quotation marks omitted.) *Velez* v. *Commissioner of Correction*, 250 Conn. 536, 545, 738 A.2d 604 (1999). In an opinion dated August 2, 1996, the attorney general concluded that the exclusion of transcripts from the meaning of "court records" under § 54-142a applies to cases that were filed but not yet disposed of as of October 1, 1996. Opinions, Conn. Atty. Gen., supra. It also was concluded that the exclusion of transcripts from the meaning of "court records" under § 54-142a applies to offenses committed prior to October 1, 1996, but where the establishment of a court file does not occur until on or after October 1, 1996. Id.

The opinion of the attorney general is consistent with the actual language of § 54-142a (a) that was in effect both prior to and after the effective date of P.A. 96-63. Section 54-142a (a) indicates that the right to erasure vests once a criminal defendant is found not guilty or once the charges against him are dismissed or, if an appeal is taken, once there is a final determination of the appeal sustaining the finding of not guilty or a dismissal. General Statutes § 54-142a (a). "[I]n prosecutions that are in progress but that have not reached [their] final status on October 1, 1996, P.A. 96-63 cannot be considered to be applied retroactively, and so fall within the amended version of the statute." Opinions, Conn. Atty. Gen., supra. Hence, the application of the amended version of § 54-142a to cases pending at the time of the 1996 amendment is a proper prospective application of the statute.

In the present case, the plaintiff's right to erasure did not vest until after he was found not guilty or, if an appeal was taken, after there had been a final determination sustaining the finding of not guilty. The plaintiff was found not guilty on March 22, 2000. Therefore, his right to erasure did not vest until this year and falls within the amended version of § 54-142a. That is a proper prospective application of the statute. Accordingly, the defendants' motion for summary judgment should be granted, and the plaintiff's motion for summary judgment should be denied because there are no genuine issues of material fact and the defendants, rather than the plaintiffs, are entitled to judgment as a matter of law. Moreover, the plaintiff's application for a writ of mandamus should be denied because he failed to establish that he had a clear legal right to the erasure by the defendants of the transcripts of his trial.

Public Act 96-63 is applicable to cases pending at the time of the amendment. Therefore, the defendant's

motion for summary judgment is granted, and the plaintiff's motion for summary judgment is denied on the ground that there are no genuine issues of material fact and the defendants, rather than the plaintiff, are entitled to judgment as a matter of law. In addition, the plaintiff's application for a writ of mandamus is denied.