### MICHAEL KALUSZKA *v.* TOWN OF EAST HARTFORD ET AL.
### (AC 19554)

Landau, Schaller and Callahan, Js.

Argued September 25—officially released November 14, 2000

*Janis M. Small*, corporation counsel, for the appellants (defendants).

*Ralph D. Sherman*, for the appellee (plaintiff).

PER CURIAM. The defendants, the town of East Hartford (town) and its mayor and chief of police,[1] appeal from the judgment rendered by the trial court in this declaratory judgment action. On appeal, the defendants claim that the court improperly decided that the legislature has preempted municipalities from regulating hunting within their boundaries and that § 13-33 (b) (5) of the code of ordinances of the town of East Hartford[2] conflicts with General Statutes § 26-27c.[3] We affirm the

---

[1] The mayor is Robert M. DeCrescenzo and the chief of police is James Shay.

[2] Section 13-33 of the code of ordinances of the town of East Hartford provides in relevant part: "(a) No person shall discharge any firearm, rifle, CO2 gun, air gun, BB gun, sling shot, or bow and arrows, within the Town.

"(b) This Section shall not apply to the following circumstances . . . (5) In an area recommended as a hunting area by the State and approved by the Chief of Police. Such area shall be posted as required by the Chief of Police and may be closed at any time by the Chief of Police . . . ."

[3] General Statutes § 26-67c provides: "(a) The Commissioner of Environmental Protection shall maintain a record of all written complaints received by the department of violations of the regulations concerning hunting in proximity to buildings occupied by persons or domestic animals or used for storage of flammable or combustible materials or the regulations regarding shooting towards persons, buildings or animals. The commissioner shall hold a hearing at least once annually, in accordance with the provisions of chapter 54, at which changes in such regulations for particular localities shall be considered. The commissioner may amend such regulations for a particular locality where he finds that: (1) The physical setting of a particular locality presents an unreasonable risk that hunters may violate the regulations regarding hunting in proximity to buildings occupied by persons or domestic animals or used for storage of flammable or combustible materials or the regulations regarding shooting towards persons, buildings or animals or (2) a record of documented complaints reveals that violations of such regulations occur with significant frequency.

"(b) The chief law enforcement official for each municipality, or his designee, shall maintain a record of all complaints received by such official in each calendar year regarding any potential hazard to public safety related to any hunting activity and shall submit such record to the Commissioner of Environmental Protection annually. Such record shall be maintained separately from all other records of complaints received by such official. After an investigation of any such complaint, if the chief law enforcement official determines that a particular hunting activity in a particular location poses a hazard to public safety, he shall submit a written report of such

judgment of the trial court for the reasons set forth in the court's comprehensive memorandum of decision.

On September 2, 1997, the plaintiff, Michael Kaluszka, commenced a declaratory judgment action against the defendants seeking to have § 13-33 of the code of ordinances of the town of East Hartford declared invalid to the extent that the ordinance regulates hunting and to enjoin the mayor and the chief of police from enforcing § 13-33 to the extent that such ordinance regulates hunting that is otherwise lawful under state statutes and regulations. The plaintiff is a resident of the town and has a valid hunting license issued by the department of environmental protection (department). The plaintiff alleges that § 13-33 operates to regulate and prohibit hunting within the town, except as specified in § 13-33 (b) (5). He further alleges that General Statutes § 26-3 et seq. authorizes the commissioner of the department to regulate hunting in the state. He also alleges that the town does not have the legal authority to regulate hunting and that the mayor and chief of police are charged ex officio with enforcing the ordinance.

After the pleadings were closed, the plaintiff filed a motion for summary judgment on the ground that the town lacked authority to enact the disputed ordinance. The defendants objected to the plaintiff's motion for summary judgment and filed a cross motion for summary judgment with affidavits, claiming that § 13-33 is a firearms regulation ordinance and that the prohibition of § 13-33 does not apply to hunting areas that comply with state regulations and have been approved by the

determination to the Commissioner of Environmental Protection.

"(c) On or before February 1, 1995, and annually thereafter, the Commissioner of Environmental Protection shall submit a report to the joint standing committee of the General Assembly having cognizance of matters relating to the environment which sets forth for the preceding year ending December thirty-first the number of complaints received and investigations conducted along with the action taken."

chief of police. The court rendered summary judgment in favor of the plaintiff, declaring that the legislature has preempted municipalities from regulating hunting and that § 13-33 is invalid to the extent that it operates to regulate hunting. The defendants appealed.

On the basis of our examination of the record and briefs, we are persuaded that the judgment of the court should be affirmed. The issues regarding the underlying dispute were resolved properly in the trial court's thoughtful and comprehensive memorandum of decision. See *Kaluszka* v. *East Hartford*, 46 Conn. Sup. 588, 760 A.2d 1282 (1999). Because that memorandum of decision fully addresses the arguments raised in this appeal, we adopt it as a proper statement of the facts and the applicable law on those issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *East* v. *Labbe*, 54 Conn. App. 479, 480–81, 735 A.2d 370 (1999), aff'd, 252 Conn. 359, 746 A.2d 751 (2000); *In re Karrlo K.*, 40 Conn. App. 73, 75, 668 A.2d 1353 (1996).

The judgment is affirmed.