## CARPENTER TECHNOLOGY CORPORATION v. COMMISSIONER OF REVENUE SERVICES (SC 16438)

Sullivan, C. J., and Borden, Katz, Palmer and Vertefeuille, Js.

Argued April 19—officially released June 19, 2001

*Richard K. Greenberg,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellant (defendant).

*Richard C. Kariss,* pro hac vice, with whom, on the brief, were *Katherine A. Borroughs, Randall S. Newman,* pro hac vice, and *Debra Macphee,* pro hac vice, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, the commissioner of revenue services (commissioner), appealed from the judgment of the trial court sustaining an appeal by the plaintiff, Carpenter Technology Corporation, from the commissioner's assessment of a corporate business tax deficiency. The trial court determined that the plaintiff's deductions of the interest it had paid on a loan made to it by a wholly owned subsidiary, Carpenter Investments,

Inc., were appropriate because the subsidiary had economic substance and a business purpose, and because the relationship and transactions between the plaintiff and the subsidiary were legitimate business arrangements. The commissioner had disallowed the deductions on the basis that the subsidiary was a sham corporation and that the subsidiary and the plaintiff were a single entity for tax purposes. The commissioner appealed from the trial court's judgment on that basis.

Having examined the record on appeal, studied the briefs and heard the arguments of the parties, we conclude that the judgment of the trial court should be affirmed. The issues presented were resolved properly in the trial court's thoughtful and comprehensive memorandum of decision. See *Carpenter Technology Corp.* v. *Commissioner of Revenue Services*, 47 Conn. Sup. 122, 779 A.2d 239 (2000). Because that memorandum of decision fully addresses the arguments raised in this appeal, we adopt it as a proper statement of the facts and the applicable law on those issues. It would serve no useful purpose for us to repeat the discussion contained therein. *East* v. *Labbe*, 54 Conn. App. 479, 480–81, 735 A.2d 370 (1999), aff'd, 252 Conn. 359, 746 A.2d 751 (2000).

The judgment is affirmed.