KEVIN P. CLOUKEY *v.* ROBERT C. LEUBA, CHIEF
COURT ADMINISTRATOR, ET AL.
(AC 21341)

Lavery, C. J., and Schaller and Peters, Js.

Argued October 23—officially released December 4, 2001

*George C. Springer, Jr.*, for the appellant (plaintiff).

*Gregory T. D'Auria*, assistant attorney general, with whom were *Karla A. Turekian*, assistant attorney general, and, on the brief, *Richard Blumenthal*, attorney general, and *Eliot D. Prescott*, assistant attorney general, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Kevin P. Cloukey, appeals from the judgment of the trial court granting the defendants'[1] motion for summary judgment in this action for a writ of mandamus. The plaintiff argues that the court improperly granted the defendants' motion because disclosure of the transcripts of his criminal

[1] The defendants are Robert C. Leuba, chief court administrator for the state of Connecticut; Robin C. Smith, a clerk of the judicial district of Hartford; Harold J. Moan, official reporter for the judicial district of Hartford; and Judy Moquin, a court reporter for the judicial district of Hartford.

trial is barred by General Statutes § 54-142a. We affirm the judgment of the trial court.

The plaintiff was arrested pursuant to a warrant dated October 21, 1994. On March 22, 2000, a jury acquitted the plaintiff of all charges included in the state's information. The court reporter subsequently received a request from the public for the transcripts of the plaintiff's trial. The plaintiff thereafter sought a writ of mandamus to enjoin the defendants from disclosing any and all court records, including trial transcripts, to the general public, and to further order that the defendants be directed to erase and destroy said court records, including transcripts, as required by § 54-142a. The plaintiff and the defendants filed motions for summary judgment. Following oral argument, the court granted the defendants' motion and denied the plaintiff's motion. The court further denied the plaintiff's application for a writ of mandamus.

At issue before the court was the application of Public Acts 1996, No. 96-63, which amended § 54-142a by excluding transcripts from the definition of "court records" subject to erasure. The court considered whether the plaintiff, who had been acquitted of the charges brought against him, is subject to the amended version of § 54-142a, whereby his trial transcripts would not be subject to erasure, or whether he is subject to the pre-1996 version of § 54-142a, whereby his trial transcripts would be subject to erasure. The court concluded that the application of the amended version of § 54-142a to cases pending at the time of the 1996 amendment was a proper prospective application of the statute. The court further concluded that the plaintiff was found not guilty on March 22, 2000, and that his right to erasure, therefore, did not vest until the year 2000, when the amended version of § 54-142a was in effect. The plaintiff appeals from that decision.

Our examination of the record and briefs has persuaded us that the judgment of the court should be affirmed. The issue was resolved properly in the court's thoughtful and comprehensive memorandum of decision. See *Cloukey* v. *Leuba*, 47 Conn. Sup. 263, 788 A.2d 1275 (2000). Because that decision fully addresses the arguments raised in this appeal, we adopt it as a proper statement of the facts and the applicable law on the issue. It would serve no useful purpose for us to repeat the discussion contained in the court's decision. See *East* v. *Labbe*, 54 Conn. App. 479, 480–81, 735 A.2d 370 (1999), aff'd, 252 Conn. 359, 746 A.2d 751 (2000).

The judgment is affirmed.