## HOUSING AUTHORITY OF THE CITY OF NEW LONDON *v.* STATE BOARD OF LABOR RELATIONS ET AL.
### (AC 22588)

Foti, Schaller and Peters, Js.

Argued November 21, 2002—officially released April 15, 2003

*Susan M. Phillips*, for the appellant (plaintiff).

*Lisa S. Lazarek*, assistant general counsel, for the appellee (named defendant).

*Opinion*

PER CURIAM. The plaintiff, the housing authority of the city of New London (housing authority), appeals from the judgment of the trial court, dismissing the appeal from two decisions of the defendant state board of labor relations (board), in which the board concluded that the housing authority had violated General Statutes § 7-470 (a) (4) of the Municipal Employee Relations Act by repudiating a provision in two collective bargaining agreements. We affirm the judgment of the trial court.

On appeal, the housing authority claims that the court improperly (1) determined that the board properly

admitted into evidence the memorandum of understanding between the housing authority and one of its unions, (2) concluded that the board improperly determined that the housing authority's executive director had apparent authority to bind it to the collective bargaining agreement through the execution of a memorandum and (3) dismissed the administrative appeal as to a second union of the housing authority.

The following facts and procedural history are relevant to our resolution of the housing authority's appeal. In April, 1996, a local unit of the trade union, Local 1303-287, Council 4, American Federation of State, County and Municipal Employees, AFL-CIO (Local 287), filed a prohibited practices complaint[1] with the board against the housing authority, alleging that the housing authority had repudiated § 9.2 of the collective bargaining agreement with Local 287. Section 9.2 requires a postretirement payout of 60 percent of an employee's accrued but unused sick time.

The board held hearings on the complaint in January and April, 1998. During the January hearing, an oral motion was made by the union to amend the complaint. The board granted the motion during the April hearing. Thereafter, Local 287 amended its complaint to join a parallel claim of another unit of the trade union, Local 1303-171, Council 4, American Federation of State, County and Municipal Employees, AFL-CIO (Local 171).[2]

The union specifically alleged that § 9.2 was part of the collective bargaining agreement that the union's bargaining agent and the housing authority's executive director had ratified in March, 1994, but that § 9.2 inad-

---

[1] See General Statutes § 7-470.

[2] Local 287 consists of clerical and administrative employees of the housing authority, and Local 171 consists of maintenance employees of the housing authority.

vertently was omitted from the final draft of the collective bargaining agreement. The union further claimed that although the memorandum of understanding subsequently was prepared to reflect that § 9.2 inadvertently had been omitted from the final contracts, the housing authority refused to honor § 9.2.[3] At the hearing before the board, the union supplied a copy of the memorandum with Local 171, but it did not supply a copy of the memorandum with Local 287.

On August 6, 1999, the board dismissed Local 287's claim for lack of evidence and rendered a decision in favor of Local 171. In so ruling, the board concluded that (1) the housing authority's executive director had the authority to bind the housing authority to § 9.2 without subsequent ratification from the housing authority board of commissioners and (2) the union's failure to produce a signed memorandum of understanding with Local 287 precluded a finding that § 9.2 was a part of the contract applicable to Local 287.

On August 18, 1999, Local 287 filed a motion for reconsideration of the board's decision, asserting that it had discovered new evidence, a copy of the memorandum of understanding for Local 287, that would compel the board to rule in favor of its claim. On August 30, 2000, the board granted the motion and modified its decision, concluding that § 9.2 was a part of the contract between the housing authority and each local union.

On October 3, 2000, the housing authority filed an appeal in the trial court from the board's decision, arguing, among other things, that the board improperly had concluded that its executive director had the appar-

---

[3] The memoranda were discussed at a meeting before the housing authority's board of commissioners, but the board of commissioners did not take any action with respect to them. In June, 1994, the housing authority's executive director executed the memorandum with Local 171.

ent authority to bind it by signing the memorandum, and that the board improperly had opened and reconsidered its August 6, 1999 decision on the basis of newly discovered evidence.

The board then filed a motion to dismiss the portion of the housing authority's appeal that challenged the board's decision in favor of Local 171, claiming that the court lacked subject matter jurisdiction over that portion of the appeal because the appeal was not taken within forty-five days of the board's decision pursuant to General Statutes § 4-183 (c).[4] The board essentially claimed that when it granted Local 287's motion for reconsideration and rendered a revised decision on August 30, 2000, its rulings were restricted to Local 287's claim and did not serve to open its August 6, 1999 decision with respect to Local 171's claim. Accordingly, the board claimed that the forty-five day statutory period for appealing from its August 6, 1999 decision as to Local 171 had lapsed.

On March 23, 2001, the court granted the board's motion to dismiss, holding that the board's August 30, 2000 decision did not modify or change its August 6, 1999 decision with respect to Local 171 and that the applicable statute of limitations bars the housing authority from appealing from the board's decision concerning Local 171.[5]

---

[4] General Statutes § 4-183 provides in relevant part: "(a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section. . . .

"(c) Within forty-five days after mailing of the final decision . . . ."

The board did not dispute that Local 287's claim was timely; therefore, Local 287's claim was not subject to the board's motion to dismiss.

[5] On or about April 3, 2001, the housing authority filed a notice of its intent to defer its appeal from the court's March 23, 2001 decision until after a final judgment on the remaining issues.

On November 26, 2001, in ruling on the remaining portions of the housing authority's appeal,[6] the court held that the board's conclusion that the housing authority's executive director had apparent authority to sign the memorandum with Local 287 was reasonable. In so ruling, the court indicated that the housing authority's bylaws provide that the housing authority's chairman, rather than its executive director, shall sign all of the housing authority's contracts; however, the court determined that because the housing authority did not introduce the bylaws in the proceedings before the board, the board could not be faulted for finding that the executive director had actual authority to sign the memorandum. The court also held that the board did not abuse its discretion in granting the union's motion to reconsider and in admitting into evidence a copy of the memorandum with Local 287.

With respect to the first two claims on appeal, our examination of the record and briefs and our consideration of the arguments of the parties, persuades us that the judgment should be affirmed. In a thoughtful and comprehensive memorandum of decision, the court, *Schuman, J.*, properly resolved those claims. *Housing Authority* v. *State Board of Labor Relations*, 47 Conn. Sup. 624, 820 A.2d 332 (2001). We adopt it as a proper statement of the issues and applicable law.[7] See *Cloukey* v. *Leuba*, 67 Conn. App. 221, 223, 786 A.2d 1182 (2001).

The judgment is affirmed.

---

[6] Prior to its ruling on the remaining portions of the housing authority's appeal, the court granted Local 171's motion to intervene as party defendant.

[7] With respect to the third issue on appeal, we conclude that the dismissal of the administrative appeal as to Local 171 by the trial court, *Martin, J.*, was proper.