## Town of Stratford *v.* Council 15, Local 407, AFSCME, et al.
### (2392)

Dupont, C.P.J., Hull and Borden, Js.

Argued February 5—decision released April 23, 1985

*Geraldine Ficarra,* with whom, on the brief, was *Richard P. Gilardi,* town attorney, for the appellant (plaintiff).

*Michael J. Lombardo,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellee (defendant state board of mediation and arbitration).

*Frank J. Raccio,* for the appellees (named defendant et al.).

HULL, J. The plaintiff, the town of Stratford, appeals[1] from the judgment of the trial court denying its motion to vacate an award of the state board of mediation and arbitration. Stratford claims two issues: (1) That the failure of three members of the board to take an oath immediately prior to hearing the dispute in question, as required by General Statutes 52-414 (d),[2] voids their subsequent award; and (2) that the arbitrators' refusal to admit both the transcript of prior testimony and the sworn police statement of a deceased witness constitutes misconduct warranting the vacation of their decision.[3] We find no error.

On December 31, 1975, Detective Joseph Berke was discharged from his employment with the Stratford police department because of allegations that he had placed electronic surveillance devices in the rooms where oral promotion exams were being held. Berke, through his union, the American Federation of State, County and Municipal Employees (AFSCME), filed a grievance with the board. The board concluded that Stratford "did not have just cause for the discharge of Detective Joseph Berke." Stratford filed a motion

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. General Statutes § 51-199 (c).

[2] General Statutes § 52-414 (d) provides: "Before hearing any testimony or examining other evidence in the matter, the arbitrators and umpire shall be sworn to hear and examine the matter in controversy faithfully and fairly and to make a just award according to the best of their understanding, unless the oath is waived in writing by the parties to the arbitration agreement."

[3] Such misconduct would be grounds for vacating the arbitrators' award pursuant to General Statutes § 52-418 (a) (3). See footnote 5, infra.

to vacate the award pursuant to Practice Book § 525 on the grounds described above. The trial court denied that motion and the town filed the present appeal raising the same claims it had argued before the trial court.

With regard to Stratford's claim that the arbitrators' failure to take the oath required by General Statutes § 52-414 (d) voids their award, we conclude that the trial court was correct in holding that the members of the board are not required to comply with that requirement. It has long been ackowledged that the provisions of what is now chapter 560 (General Statutes §§ 31-91 through 31-100), concerning the board of mediation and arbitration, provide "a complete procedure up to the making of a decision by the board." *Danbury Rubber Co.* v. *Local 402,* 145 Conn. 53, 57, 138 A.2d 783 (1958). Chapter 909 (General Statutes §§ 52-408 through 52-424) concerning arbitration proceedings, on the other hand, "deals . . . with the subject of arbitration generally." *Danbury Rubber Co.* v. *Local 402,* supra.

Under the provisions of General Statutes § 52-411, the parties to an arbitration agreement may provide their own method for selecting an arbitrator. Thus, any person from any walk of life may become an arbitrator on one or more occasions. Since these arbitrators are chosen on an ad hoc basis without having taken the oath which is taken by members of the board pursuant to the Connecticut constitution, article eleventh, § 1, each of them can only be administered an oath when they are chosen and actually assigned to undertake an arbitration. If we were to accept Stratford's argument in this case, the members of the board would be required to take an oath upon entering office and each time they heard a grievance. Such a requirement would be analogous to requiring judges and referees to take an oath prior to hearing every case.

"There is a presumption that the legislature, in enacting a law, did so in view of existing relevant statutes and intended it to be read with them so as to make one consistent body of law." *Little* v. *Ives,* 158 Conn. 452, 455, 262 A.2d 174 (1969). "We start with the familiar assumption that the legislature . . . intended to create a harmonious and consistent body of law. *Vartuli* v. *Sotire,* 192 Conn. 353, 362, 472 A.2d 336 (1984); *City Council* v. *Hall,* 180 Conn. 243, 251, 429 A.2d 481 (1980); *Engle* v. *Personnel Appeal Board,* 175 Conn. 127, 130, 394 A.2d 731 (1978). We must, if possible, read the two statutes together and construe each to leave room for the meaningful operation of the other." *State* v. *West,* 192 Conn. 488, 494, 472 A.2d 775 (1984). We cannot conclude that the legislature intended that the oath provision of General Statutes § 52-414 (d) should apply to board members for to do so would render their constitutionally mandated initial oath redundant.

In fact, two of the board members who heard this grievance, Thomas J. Staley and David A. Ryan, had not been sworn as members of the board when they were reappointed for the terms during which they heard this case. Nevertheless, *Furtney* v. *Zoning Commission,* 159 Conn. 585, 271 A.2d 319 (1970), sets out four situations in which a person may be a de facto officer. One of those situations is where the officer holds office "under color of a known and valid appointment or election, but where the officer had failed to conform to some precedent requirement or condition, as to take an oath, give a bond, or the like." Id., 596. Thus, Staley and Ryan are *de facto* officers and, as such, their "authority may not be collaterally attacked or inquired into by third persons affected." Id., 597.

The second claim raised by Stratford is that the arbitrators committed misconduct within the meaning

of General Statutes § 52-418 (a) (3)[4] by their failure to admit two documents into evidence. The documents were (1) the transcript of trial testimony by Frank Chin relating to alleged purchases by Berke of surveillance equipment, and (2) a sworn statement by Chin made to the Stratford police. These documents were sought to be introduced, rather than having Chin testify directly, because he had died prior to the commencement of the arbitration hearings.

Both the transcript and the statement arose out of a criminal action against Berke relating to the same events involved herein. That criminal action was dismissed by the trial court after it was remanded for a new trial by the appellate session; *State* v. *Berke,* Appellate Session of the Superior Court, Docket No. 396 (March 9, 1979); due to improper restrictions on the cross-examination of Chin during Berke's first trial. The court, in the second trial, ruled that the transcript of Chin's testimony was inadmissible as did the arbitrators herein.

Since the criminal action against Berke was dismissed, our criminal erasure statute; General Statutes § 54-142a;[5] bars the use of either the police or the court records pertaining to that action. Only three narrow exceptions to that bar exist under General Statutes

---

[4] General Statutes § 52-418 (a) (3) allows the trial court to vacate the arbitrators' award "if the arbitrators have been guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced . . . ."

[5] General Statutes § 54-142a (a) provides, in pertinent part: "Whenever in any criminal case, on or after October 1, 1969, the accused, by a final judgment, is found not guilty of the charge or the charge is dismissed, all police and court records and records of any state's attorney pertaining to such charge shall be erased upon the expiration of the time to file a writ of error or take an appeal, if an appeal is not taken, or upon final determination of the appeal sustaining a finding of not guilty or a dismissal, if an appeal is taken."

§ 54-142a (f),[6] and none of them is applicable to this case. Consequently, we conclude that the board's refusal to admit the evidence in question, though it was pertinent and material, did not amount to misconduct under General Statutes § 52-418 (a) (3).

There is no error.

In this opinion the other judges concurred.

---

[6] General Statutes § 54-142a (f) provides: "Upon motion properly brought, the court or a judge thereof, if such court is not in session, (1) may order disclosure of such records upon application of the accused, (2) may order disclosure to a defendant or the accused in an action for false arrest arising out of the proceedings so erased or (3) may order disclosure to the prosecuting attorney and defense counsel in connection with any perjury charges which the prosecutor alleges may have arisen from the testimony elicited during the trial. Such disclosure of such records is subject also to any records destruction program pursuant to which the records may have been destroyed. The jury charge in connection with erased offenses may be ordered by the judge for use by the judiciary, provided the names of the accused and the witnesses are omitted therefrom."