[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, a former state employee, has brought this action to vacate the arbitration award that upheld her termination. She alleges two of the four grounds for vacation provided for in General Statutes, § 52-418; viz., that "the award has been procured by corruption, fraud or undue means" and "that there has been evident partiality . . . on the part of [the] arbitrator". The state has filed a motion to dismiss, claiming that the CT Page 3172 application was untimely filed and a motion to confirm the arbitrator's award.
When the parties were last in court, on February 14, 2000, it was agreed that I would review the file and that, if I concluded that an evidentiary hearing was called for, I would consider the plaintiff's request that no such hearing be scheduled before May because of serious medical problems she has been experiencing.
I have reviewed the file and conclude that, although an evidentiary hearing may be required in some cases to resolve claims of "corruption" or impartiality, no such hearing is required or should be permitted in this case.[1]
In the file there is an offer of proof filed by the plaintiff on April 21, 1998. It is clear from that offer that the plaintiff's claim is that the arbitrator was so wrong in his findings and conclusions that the court would have to conclude that he was not impartial.[2] There is no offer of proof of any facts that would call into question the impartiality of the arbitrator, let alone the presence of "corruption, fraud or undue means", other than the arbitrator's decision, itself.
Thus, it is clear that this application is simply an attempt to obtain a reconsideration of the issues raised before the arbitrator. This the court is explicitly forbidden to do.
 "Courts are in uniform agreement that mistakes by arbitrators sufficient to constitute a cause for vacating their award are not established by a mere showing that the complaining party, or even the court, would have decided the matter differently. . . . In a review of a claim that an award should be set aside on the ground of partiality, no inquiry can be made into the arbitrators' determination on the merits." (Internal citations omitted.)
Von Langendorff v. Riordan, 147 Conn. 524, 528 (1960).
This command to the court is a necessary correlate of the Supreme Court's well-established postulates concerning arbitration awards:
 It is the established policy of this court to regard arbitration awards with liberality. That is, every reasonable presumption will be made in favor of the arbitrators' acts. CT Page 3173 The burden rests on the party attacking the award to produce sufficient evidence to invalidate it. Milford Employees Assn. v. Milford, 179 Conn. 678, 683, 427 A.2d 859 (1980). Absent a showing of "perverse misconstruction or positive misconduct" or a provision in the agreement authorizing it, the determination of the arbitrator is not subject to judicial inquiry. Danbury Rubber Co. v. United Rubber Workers, 20 Conn. Sup. 300, 308, 134 A.2d 356 (1957), aff'd, 145 Conn. 53, 138 A.2d 783 (1958). This court has summarily rejected attempts to overturn arbitration awards on grounds of partiality in cases, like the present one, which lacked sufficient evidentiary support. Von Langendorff v. Riordan, 147 Conn. 524, 163 A.2d 100 (1960).
Schwarzschild v. Martin, 191 Conn. 316, 327 (1983).
Although the Schwarzschild case supports the plaintiff's claim that evidence may be admitted to establish partiality, it is not permitted where the partiality alleged is simply that the arbitrator's decision was wrong.
Accordingly, I find that the plaintiff's allegations, as amplified in her offer of proof, do not entitle her to an evidentiary hearing. Having reviewed the record, I see no reason to vacate the arbitrator's award[3]. The application to vacate the award is denied. The state's motion to confirm the award is granted.