GENEVIEVE SERAFIN v. STATE OF CONNECTICUT, DEPARTMENT OF MENTAL HEALTH AND ADDICTION SERVICES
(AC 20732)

Foti, Mihalakos and Peters, Js.

Argued April 2—officially released May 1, 2001

---

*Igor I. Sikorsky, Jr.,* for the appellant (plaintiff).

*Thomas P. Clifford III,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Genevieve Serafin, appeals from the trial court's judgment confirming an arbitration award in favor of the defendant state of Connecticut, department of mental health and addiction services, pursuant to General Statutes § 52-417.[1] On appeal, the plaintiff claims that the court improperly (1) denied her motion to vacate the award and (2) denied her an evidentiary hearing. We affirm the judgment of the trial court.

The plaintiff, a head nurse at the Cedarcrest Regional Hospital, a short-term psychiatric facility operated by the defendant, was discharged from state service for excessive absenteeism and other reasons. The plaintiff filed a grievance in accordance with her collective bargaining agreement, which was denied, and she appealed to arbitration. The submission, which the plaintiff agrees was unqualified and unrestricted, resulted, after a full hearing, in an award determining that "[t]he dismissal of Genevieve Serafin was for just cause." The plaintiff concedes that the award conforms to the sub-

---

[1] General Statutes § 52-417 provides in relevant part: "At any time within one year after an award has been rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application to the superior court for the judicial district in which one of the parties resides . . . for an order confirming the award. The court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419."

mission and that in this type of submission the arbitrator is not required to decide according to law or the strict rules of evidence. *South Windsor* v. *South Windsor Police Union Local 1480*, 57 Conn. App. 490, 505, 750 A.2d 465, cert. granted on other grounds, 253 Conn. 924, 754 A.2d 800 (2000). An unrestricted submission results in an award that is not subject to de novo review even for errors of law as long as the award conforms to the submission. *Hartford* v. *Board of Mediation & Arbitration*, 211 Conn. 7, 14, 557 A.2d 1236 (1989).

Our examination of the record and briefs and our consideration of the arguments of the parties persuades us that the judgment of the court should be affirmed. The issues were resolved properly in the court's concise and well-reasoned memorandum of decision. *Serafin* v. *State*, 47 Conn. Sup. 57, 776 A.2d 525 (2000). Because that memorandum of decision fully addresses all arguments raised in this appeal, we adopt it as a proper statement of the issues and the applicable law concerning those issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *Kaluszka* v. *East Hartford*, 60 Conn. App. 749, 752, 760 A.2d 1269 (2000).

The judgment is affirmed.