## LOCAL 353, AFSCME, COUNCIL 4, AFL-CIO *v.* CITY OF WATERBURY

Superior Court, Judicial District of Waterbury—File No. CV98 145898

Memorandum filed July 6, 2001

*J. William Gagne, Jr.,* for the plaintiff.

*Michael J. Eagen,* assistant to corporation counsel, for the defendant.

DOHERTY, J. The plaintiff Local 353, AFSCME, Council 4, AFL-CIO (union), and the defendant, the city of Waterbury (city), are parties to a collective bargaining agreement that provides for the arbitration of grievances. Under the terms of the collective bargaining agreement, the union filed a grievance against the city that was subsequently submitted to arbitration before a panel from the state board of mediation and arbitration (arbitration panel). The parties submitted the following joint issue to the arbitration panel: "Did the City violate the collective bargaining agreement by not requiring the Refuse Department employees to work on Memorial Day and Independence Day? If so, what shall the remedy be consistent with the blue collar contract?" On April 8, 1998, the arbitration panel denied the union's grievance, finding that the city did not violate the collective bargaining agreement when it did not require the refuse department employees to work on Memorial Day and Independence Day.

On April 29, 1998, the union filed an application to vacate the arbitration award. Thereafter, on July 28, 1998, the union filed a brief in support of its application. On August 28, 1998, the city filed a memorandum of law in opposition to the union's application to vacate the arbitration award.

"Arbitration is the voluntary submission, by the interested parties, of an existing or future dispute to a disinterested person or persons for final determination." (Internal quotation marks omitted.) *Fink* v. *Golenbock*, 238 Conn. 183, 194, 680 A.2d 1243 (1996). "Judicial review of arbitral decisions is narrowly confined. When the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. . . . When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even

for errors of law so long as the award conforms to the submission. . . . Because [the court favors] arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution. . . . Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved." (Citations omitted; internal quotation marks omitted.) *Stratford* v. *International Assn. of Firefighters, AFL-CIO, Local 998*, 248 Conn. 108, 114–15, 728 A.2d 1063 (1999). Moreover, "[e]very reasonable presumption and intendment will be made in favor of the [arbitral] award and of the arbitrators' act and proceedings. . . . Thus, as the party challenging the award, the plaintiff bears the burden of producing evidence sufficient to demonstrate a violation of [General Statutes] § 52-418."[1] (Citation omitted; internal quotation marks omitted.) *Metropolitan District Commission* v. *AFSCME, Council 4, Local 184*, 237 Conn. 114, 119, 676 A.2d 825 (1996).

---

[1] General Statutes § 52-418 (a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides . . . shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made."

The union argues that the arbitration panel, by denying the grievance, rendered an award that was inherently inconsistent with the terms of the past practices provision of the collective bargaining agreement in article XIII, § 2, in violation of § 52-418 (a) (4).[2] Specifically, the union argues that the arbitration panel exceeded its authority by failing to draw the essence of its award from the collective bargaining agreement. The union argues that the arbitration award was in violation of the hours of work provision in article IV, § 5 (c), of the collective bargaining agreement.[3] The union further argues that the grievance must be remanded to arbitration pursuant to § 52-418 (b) should the court grant the application to vacate the arbitration award.

In response, the city argues that the arbitration panel did not exceed its authority because the award conforms to the submitted issue. The city further argues that the arbitration award is entirely consistent with article XIII, § 2, article VII, § 1, and article IV, § 1, of

[2] Article XIII, § 2, of the collective bargaining agreement states: "The parties further recognize that if any provision in this Agreement is contrary to a practice existing prior to the date of execution of this Agreement, then the provision of this Agreement, shall prevail. In all other respects, this Agreement shall not be construed as abridging any rights, benefits or privileges, based on historical practice, that employees have enjoyed heretofore; which rights, benefits or privileges are not specifically covered or mentioned in this Agreement."

[3] Article IV, § 5 (c), of the collective bargaining agreement states in relevant part: "The Refuse Collection crews will be paid on a basis of a five (5) day, forty (40) hour week (it being understood that the work day is the incentive system alluded to in Sections 5 (a) and 5 (b) hereof). However, as hereinafter indicated, only twelve (12) of the fifty-two (52) Wednesdays shall be regularly scheduled as special collection days . . . and the remaining forty (40) (more or less) Wednesdays in any calendar year shall be days on which Refuse Collection crews shall not be required to work except for the performance of Refuse Collection which is necessitated because of a snow storm or other inclement weather cancelling the immediately proceeding Monday or Tuesday refuse collection. In any given work week, Monday, Tuesday, Thursday and Friday shall be the regularly scheduled workdays for refuse collection for the Refuse Collection crews . . . ."

the collective bargaining agreement.[4] The city argues that the past practices provision in article XIII, § 2, cannot be examined in isolation from these specific provisions governing hours of work, the scheduling of work and the assignment of work. The city further argues that article IV, § 5 (c), could not be considered by the arbitration panel because it was not included in the submission to the panel. Alternatively, the city argues, even if the arbitration panel could have considered this argument, the arbitration award is still consistent with article IV, § 5 (c), of the collective bargaining agreement.

"One of the principal reasons for [the court's deference to arbitral decisions] is that the scope of [the court's review] is expressly limited by § 52-418 . . . and, sometimes, by the terms of the parties' agreement. . . . [The court has] stated on numerous occasions that arbitration is a creature of contract. . . . Therefore, it is the arbitrator[s'] judgment that was bargained for and contracted for by the parties, and [the court does] not substitute [its] own judgment merely because [its] interpretation of the agreement or contract at issue might differ from that of the arbitrator[s]." (Citations omitted.) *Stratford* v. *International Assn. of Firefighters, AFL-CIO, Local 998,* supra, 248 Conn. 115–16. "These well established principles governing consensual arbitration are subject to certain exceptions. Even in the case of an unrestricted submission, [the court has] recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a statute . . . (2) the award violates clear public policy . . . or

---

[1] Article IV, § 1, of the collective bargaining agreement states in relevant part: "The City retains the right, subject to the provisions of Section 6 and 6 (a) hereof, to amend, alter and change work week schedules. . . ." Article VII, § 1, of the collective bargaining agreement provides that "[t]he right and authority to make work schedules and work assignments is vested exclusively in the City, its Mayor and/or the various administrative officials and/or Department Heads of the Departments involved."

(3) the award contravenes one or more of the statutory proscriptions of § 52-418." (Citations omitted; internal quotation marks omitted.) Id., 116.

"There are limited circumstances in which a court will conduct a broader review of an arbitrator[s'] decision. Where one party claims that the award, as issued, is inherently inconsistent with the underlying collective bargaining agreement, the court will compare the agreement with the award to determine whether the arbitrator has ignored his obligation to interpret and apply that agreement as written. . . . This additional analysis is conducted pursuant to such a claim because an arbitrator[s'] award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator[s'] words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of this award. . . . If, for example, there was evidence that revealed that [the arbitrators] had reached [a] decision by consulting a [O]uija board, [it would] not suffice that the award conformed to the submission. . . . It must be emphasized, however, that merely claiming inconsistency between the agreement and the award will not trigger judicial examination of the merits of the arbitration award. Rather, in the face of such a claimed inconsistency, this court will review the award only to determine whether it draws its essence from the collective bargaining agreement." (Citations omitted; internal quotation marks omitted.) *Board of Education* v. *Local 818, Council 4, AFSCME, AFL-CIO*, 5 Conn. App. 636, 640, 502 A.2d 426 (1985).

In the present case, a comparison of the collective bargaining agreement and the arbitration award indicates that the award is consistent with and draws its essence from the collective bargaining agreement. For example, the arbitration panel found, inter alia, that the scheduling of holidays is a management right under article IV, § 1, of the collective bargaining agreement.

It is evident that the arbitration panel's conclusion that the city did not violate the collective bargaining agreement is in conjunction with its interpretation of article IV, § 1, as applied to the facts of this particular case.

The union has failed to demonstrate that the arbitration panel has exceeded its powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made in violation of § 52-418 (a) (4). "[A]s the party challenging the award, the [union] bears the burden of producing evidence sufficient to demonstrate a violation of § 52-418." *Metropolitan District Commission* v. *AFSCME, Council 4, Local 184*, supra, 237 Conn. 119. Additionally, there is no evidence that the arbitration panel ignored its obligation to interpret and apply the collective bargaining agreement. See *Board of Education* v. *Local 818, Council 4, AFSCME, AFL-CIO*, supra, 5 Conn. App. 640–41. It is not for this court to substitute its judgment for that of the arbitration panel. See *Stratford* v. *International Assn. of Firefighters, AFL-CIO, Local 998*, supra, 248 Conn. 115–16.

For the foregoing reasons, the union's application to vacate the arbitration award is denied.