LOCAL 353, AFSCME, COUNCIL 4, AFL-CIO *v.* CITY
OF WATERBURY
(AC 22166)

Foti, Schaller and Freedman, Js.

Argued December 9, 2002—officially released February 18, 2003

*J. William Gagne, Jr.*, with whom, on the brief, was *P. Jo Anne Burgh*, for the appellant (plaintiff).

*Peter Abare-Brown*, with whom, on the brief, was *Paula N. Anthony*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Local 353, American Federation of State, County and Municipal Employees, Council 4, AFL-CIO (union), appeals from the judgment of the trial court denying its application to vacate an arbitration award that denied its grievance concerning work on certain holidays for municipal refuse workers. On appeal, the union argues that the arbitration panel exceeded its authority or so imperfectly performed its duties that a mutual, final and definite award was not rendered.[1] We disagree and, accordingly, affirm the judgment of the trial court.

The following facts are relevant to the plaintiff's appeal. The union and the defendant city of Waterbury (city) are parties to a collective bargaining agreement that provides for the arbitration of grievances. The union represents, inter alia, refuse collectors employed by the city. Under the terms of the agreement, the union filed a grievance before a panel from the state board of mediation and arbitration. The parties submitted the following joint issue to the arbitration panel: "Did the City violate the collective bargaining agreement by not requiring the Refuse Department employees to work on Memorial Day and Independence Day? If so, what shall the remedy be consistent with the blue collar

---

[1] General Statutes § 52-418 (a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides . . . shall make an order vacating the award . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

contract?" On April 8, 1998, the arbitration panel denied the grievance and concluded that the city did not violate the collective bargaining agreement by not requiring the refuse department employees to work on Memorial Day and Independence Day.

On April 29, 1998, the union filed an application to vacate the arbitration award. The union argued that the arbitration panel, by denying the grievance, rendered an award that was inherently inconsistent with the terms of the past practices provision of the collective bargaining agreement in article XIII, § 2.[2] Specifically, the union argued that the arbitration panel exceeded its authority by failing to draw the essence of its award from the collective bargaining agreement. The union further argued that the arbitration award was in violation of the hours of work provision in article IV, § 5 (c),[3] of the collective bargaining agreement. The city argued, inter alia, that the arbitration panel did not exceed its authority because the award conformed to the issue

[2] Article XIII, § 2, of the collective bargaining agreement states: "The parties further recognize that if any provision in this Agreement is contrary to a practice existing prior to the date of execution of this Agreement, then the provision of this Agreement, shall prevail. In all other respects, this Agreement shall not be construed as abridging any rights, benefits or privileges, based on historical practice, that employees have enjoyed heretofore; which rights, benefits or privileges are not specifically covered or mentioned in this Agreement."

[3] Article IV, § 5 (c), of the collective bargaining agreement states in relevant part: "The Refuse Collection crews will be paid on a basis of a five (5) day, forty (40) hour week (it being understood that the work day is the incentive system alluded to in Sections 5 (a) and 5 (b) hereof). However, as hereinafter indicated, only twelve (12) of the fifty-two (52) Wednesdays shall be regularly scheduled as special collection days . . . and the remaining forty (40)(more or less) Wednesdays in any calendar year shall be days on which Refuse Collection crews shall not be required to work except for the performance of Refuse Collection which is necessitated because of a snow storm or other inclement weather cancelling the immediately proceeding Monday or Tuesday refuse collection. In any given work week, Monday, Tuesday, Thursday and Friday shall be the regularly scheduled workdays for refuse collection for the Refuse Collection crews . . . ."

submitted and was consistent with article XIII, § 2, article VII, § 1,[4] and article IV, § 1,[5] of the collective bargaining agreement. The court denied the union's application to vacate the arbitration award, concluding that a comparison of the collective bargaining agreement and award indicated that the award was consistent with and drew its essence from the agreement. In particular, the court noted the panel's finding that the scheduling of holidays is a management right under article IV, § 1, of the agreement.

Our examination of the record and briefs and our consideration of the arguments of the parties persuades us that the judgment should be affirmed. The issues were resolved in the court's thoughtful and comprehensive memorandum of decision. *Local 353, AFSCME, Council 4, AFL-CIO* v. *Waterbury,* 47 Conn. Sup. 559, 815 A.2d 725 (2001). Because the memorandum of decision addresses the arguments raised in this appeal, we adopt it as a proper statement of the issues and the applicable law concerning those issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *Serafin* v. *State,* 63 Conn. App. 214, 216, 772 A.2d 781 (2001).

The judgment is affirmed.

---

[4] Article VII, § 1, of the collective bargaining agreement states that "[t]he right and authority to make work schedules and work assignments is vested exclusively in the City, its Mayor and/or the various administrative officials and/or Department Heads of the Departments involved."

[5] Article IV, § 1, of the collective bargaining agreement states in relevant part that "[t]he City retains the right, subject to the provisions of Section 6 and 6 (a) hereof, to amend, alter and change work week schedules. . . ."