STATE OF CONNECTICUT *v.* SETH WILLIAM APT
(AC 33812)

Gruendel, Sheldon and Peters, Js.

Argued September 17—officially released November 12, 2013

*Adele V. Patterson*, senior assistant public defender, for the appellant (defendant).

*Melissa Patterson*, assistant state's attorney, with whom, on the brief, were *Matthew C. Gedansky*, state's attorney, and *Charles W. Johnson*, assistant state's attorney, for the appellee (state).

*Opinion*

PETERS, J. "[T]he purpose of the erasure statute [General Statutes § 54-142a][1] . . . is to protect innocent persons from the harmful consequences of a criminal charge which is subsequently dismissed." (Emphasis omitted; footnote added; internal quotation marks omitted.) *State* v. *Morowitz*, 200 Conn. 440, 451, 512 A.2d 175 (1986). The principal issue in this case is whether a court can enhance a defendant's sentence for committing a crime while released on bond pursuant to General Statutes § 53a-40b[2] when, prior to the sentencing, the records relating to the arrests that led to the defendant's release on bond had been erased pursuant to § 54-142a. We hold that a trial court has no authority to impose such a sentence enhancement and thus reverse the court's judgment to the contrary.

---

[1] General Statutes § 54-142a provides in relevant part: "(a) Whenever in any criminal case, on or after October 1, 1969, the accused, by a final judgment, is found not guilty of the charge or the charge is dismissed, all police and court records and records of any state's attorney pertaining to such charge shall be erased upon the expiration of the time to file a writ of error or take an appeal, if an appeal is not taken, or upon final determination of the appeal sustaining a finding of not guilty or a dismissal, if an appeal is taken. . . .

"(c) (1) Whenever any charge in a criminal case has been nolled in the Superior Court . . . if at least thirteen months have elapsed since such nolle, all police and court records and records of the state's or prosecuting attorney or the prosecuting grand juror pertaining to such charge shall be erased . . . ."

[2] General Statutes § 53a-40b provides in relevant part: "A person convicted of an offense committed while released [on bond] . . . may be sentenced, in addition to the sentence prescribed for the offense to (1) a term of imprisonment of not more than ten years if the offense is a felony . . . ."

In a substitute information dated April 25, 2011, the state charged the defendant, Seth William Apt, with larceny in the third degree in violation of General Statutes § 53a-124 (a) (2).[3] The state also filed a part B information, charging the defendant with committing an offense while released on bond pursuant to § 53a-40b. The defendant denied his guilt, and he was tried before a jury on the larceny charge. On May 6, 2011, the jury found the defendant guilty. On June 24, 2011, after a continuance, the court found the defendant guilty of committing a crime while released on bond, subjecting him to a sentence enhancement. The defendant was then sentenced to a term of seven years imprisonment, execution suspended after three years, followed by three years of probation. The court specified that two years had been added to the sentence pursuant to the sentence enhancement statute. The defendant filed this appeal challenging the sentence enhancement.

In regard to the larceny charge, the jury reasonably could have found the following facts. On November 20, 2009, the Regional School District No. 8 high school football team held practice in Hebron. While the practice was underway, the defendant and his friend, a student at the school, entered the team's locker room. The defendant, equipped with bolt cutters, removed the locks from the players' lockers and took several valuable items. After practice, when the players returned to the locker room, many of them found that their belongings had been stolen. The stolen items included jewelry, clothing, electronic devices, and cash.

The following additional facts are relevant to the issue of sentence enhancement. On September 10, 2007,

---

[3] General Statutes § 53a-124 (a) provides in relevant part: "A person is guilty of larceny in the third degree when he commits larceny, as defined in section 53a-119, and . . . (2) the value of the property or service exceeds two thousand dollars . . . ."

the defendant was arrested in Manchester on charges of larceny in the first degree and larceny in the fourth degree (Manchester larceny charges). He was released on bond and applied for accelerated rehabilitation, pursuant to General Statutes § 54-56e, which the court granted. On December 19, 2008, the defendant was arrested on a charge of criminal trespass in the first degree (criminal trespass charge). He was again released on bond. On January 16, 2009, he was arrested on charges of risk of injury to a minor, reckless endangerment in the first degree, unlawful restraint in the first degree, reckless driving, and criminal trespass in the first degree (reckless endangerment charges). He was then released on bond for a third time. On November 20, 2009, the defendant committed the Hebron larceny previously described. He was arrested for that crime on March 31, 2010.

On May 7, 2010, prior to trial on the Hebron larceny charges, the defendant was found to have successfully completed accelerated rehabilitation on the Manchester larceny charges. Because the charges were dismissed, the records relating thereto were subject to erasure pursuant to § 54-142a. At the same time, the state entered a nolle prosequi on the defendant's criminal trespass charge and reckless endangerment charges. On June 7, 2011, because thirteen months had passed since those charges were nolled, the records of the charges were subject to erasure pursuant to § 54-142a (c) (1).

On June 24, 2011, after erasure had taken effect, the court held a sentencing hearing. Over the defendant's objection, the court admitted into evidence the informations for the defendant's Manchester larceny charges, criminal trespass and reckless endangerment charges, and an appearance bond form for the reckless endangerment charges. The court relied on these records to find the defendant guilty of committing a crime while

released on bond pursuant to § 53a-40b. During sentencing, the court referenced the record, the defendant's history of arrests, and his participation in accelerated rehabilitation in sentencing him to seven years imprisonment, execution suspended after three years, followed by three years of probation.

On appeal, the defendant first claims that the court improperly admitted into evidence records that had been erased pursuant to § 54-142a. He further argues that the error was harmful because the records were the sole evidence before the court on the issue of sentence enhancement.[4] We agree.

Ordinarily, a claim that the trial court improperly admitted evidence is reviewed under the abuse of discretion standard. *Landry* v. *Spitz*, 102 Conn. App. 34, 57, 925 A.2d 334 (2007). In the present case, however, the question of whether erased records were properly admitted into evidence presents a question of statutory interpretation over which we exercise plenary review. See *Regan* v. *Regan*, 143 Conn. App. 113, 120, 68 A.3d 172 (2013). "The process of statutory interpretation involves the determination of the meaning of the statutory language as applied to the facts of the case, including the question of whether the language does so apply. . . . When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes." (Citation omitted; internal quotation marks omitted.) Id. "We are also guided by the principle that the legislature is always presumed to have created

---

[4] The defendant also claims that he was denied due process of law when the judge, rather than a jury, decided the issue of sentence enhancement and when the judge treated his earlier arrests and dismissals as proof of prior criminal conduct. In light of our determination on the defendant's principal claim, we need not address these issues.

a harmonious and consistent body of law . . . ." (Internal quotation marks omitted.) *State* v. *Fernando A.*, 294 Conn. 1, 21, 981 A.2d 427 (2009).

The records relied upon by the court in finding the defendant guilty of committing a crime while released on bond related to charges against the defendant that had been dismissed under the accelerated rehabilitation statute and nolled by the prosecutor. The accelerated rehabilitation statute provides for the erasure of records relating to charges dismissed for successful completion of accelerated rehabilitation: "Upon dismissal, all records of such charges shall be erased pursuant to [the erasure statute]." General Statutes § 54-56e (f). The erasure statute expressly provides for the erasure of records relating to nolled charges: "Whenever any charge in a criminal case has been nolled in the Superior Court . . . if at least thirteen months have elapsed since such nolle, all police and court records and records of the state's or prosecuting attorney . . . pertaining to such charge shall be erased . . . ." General Statutes § 54-142a (c) (1).

In both cases, the erasure statute dictates the ramifications of erasure. The statute provides in relevant part that "[t]he clerk of the court or any person charged with retention and control of such records in the records center of the Judicial Department or any law enforcement agency having information contained in such erased records shall not disclose to anyone, except the subject of the record . . . information pertaining to any charge erased under any provision of this section and such clerk or person charged with the retention and control of such records shall forward a notice of such erasure to any law enforcement agency to which he knows information concerning the arrest has been disseminated and such disseminated information shall be erased from the records of such law enforcement agency. . . ." General Statutes § 54-142a (e) (1).

Our Supreme Court has noted that "the purpose of the erasure statute . . . is to protect innocent persons from the harmful consequences of a criminal charge which is subsequently dismissed. . . . Prohibiting the subsequent use of records of the prior arrest and court proceedings adequately fulfills this purpose by insulating such an individual from the consequences of the prior prosecution." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *State* v. *Morowitz*, supra, 200 Conn. 451. While erasure does not require physical destruction of the records, it does require that such records not be disclosed except in very limited circumstances. See *State* v. *Anonymous*, 237 Conn. 501, 513, 680 A.2d 956 (1996).

In this case, it is undisputed that the necessary amount of time had elapsed to subject records relating to the defendant's prior arrests to erasure as a matter of law.[5] The documents proffered by the prosecution at the sentencing hearing, informations and an appearance bond form, clearly qualify as the type of "police and court records" to which the erasure statute applies. The records did not fall into any exception listed under the erasure statute.[6] Thus, the four exhibits had been erased prior to being admitted into evidence by the court. It

---

[5] The fact that the nolled charges were not yet erased when the defendant was convicted of the Hebron larceny charge does not impact our analysis. The state did not object to the delay in sentencing and, in fact, ensured it by requesting a presentencing investigation.

[6] The state argues that the erasure statute is inapplicable to records that are relevant to a pending case, based on the following statutory language: "[The erasure statute] shall not apply to any police or court records or the records of any state's attorney or prosecuting attorney with respect to any information or indictment containing more than one count . . . while the criminal case is pending . . . ." General Statutes § 54-142a (g). The state has misconstrued this exception, which applies when one or more counts of a multicount information or indictment has been dismissed but additional counts remain. In that instance, the records relating to those counts are not erased while the remaining charges are being adjudicated. This is not such a case.

is clear that the admission into evidence of erased records in a court proceeding against the subject of those erased records is exactly the type of disclosure that the erasure statute is designed to prevent. See *Stratford* v. *Council 15, Local 407, AFSCME*, 3 Conn. App. 590, 594–95, 490 A.2d 1021 (holding that administrative board properly refused to admit erased records into evidence), cert. denied, 196 Conn. 809, 494 A.2d 905 (1985). Thus, the court erred in admitting these records into evidence. Likewise, the court's error was harmful, as the erased records were the only evidence in support of the court's determination that the defendant had committed a crime while released on bond.

The state contends that, upon a determination of error, this case should be remanded for a new hearing as to the sentence enhancement, where the prosecution can introduce alternative evidence that the defendant was released on bond at the time he committed the Hebron larceny. The state correctly notes that the erasure statute does not preclude certain alternative forms of evidence, such as testimony from personal knowledge, so long as it is not derived from the erased records. See *Rado* v. *Board of Education*, 216 Conn. 541, 550, 583 A.2d 102 (1990) ("[t]he Erasure Act was not intended to obliterate memory or to exclude any testimony not shown to have been derived from erased records").

In this case, however, the sole subject of the trial court's inquiry on remand would be the defendant's pretrial release status on the particular date in question. This status is inextricably related to the defendant's prior arrests. The erasure statute provides that "[a]ny person who shall have been the subject of such an erasure shall be deemed to have never been arrested within the meaning of the general statutes with respect to the proceedings so erased and may so swear under oath." General Statutes § 54-142a (e) (3). Thus, the defendant is no longer considered to have been arrested

for the alleged crimes to which the records pertained. It would be wholly inconsistent to enhance the defendant's sentence for committing a crime while released on bond for charges on which, as far as the law is concerned, he was never arrested. Doing so would run counter to the erasure statute's purpose of "insulating [the defendant] from the consequences of the prior prosecution."[7] (Emphasis omitted.) *State* v. *Morowitz*, supra, 200 Conn. 451. Accordingly, a new hearing is unnecessary as, regardless of the evidence produced by the state, any determination of guilt as to the sentence enhancement would violate the erasure statutes. Furthermore, the trial judge explicitly stated that two years had been added to the defendant's sentence as a sentence enhancement. Therefore, the proper remedy is to vacate the sentence enhancement and to remove the additional two years from the defendant's sentence.

To summarize, we conclude that the court erred in admitting the erased records into evidence and that any sentence enhancement for committing a crime while released on bond under § 53a-40b is barred in this case.

The judgment is reversed only as to the conviction under § 53a-40b and the case is remanded with direction to vacate that conviction and to resentence the defendant to a total effective term of five years imprisonment, execution suspended after three years, followed by three years of probation. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.

---

[7] Notably, this is not a case where the defendant seeks to be "insulate[d] . . . from the consequences of his prior *actions*." (Emphasis in original.) *State* v. *Morowitz*, supra, 200 Conn. 451. Our case law is clear that the erasure statute does not prevent the admission of evidence relating to the conduct for which the subject of erased records was arrested. See id.; see also *Rado* v. *Board of Education*, supra, 216 Conn. 550. In this case, however, it is the defendant's status as a prosecuted person, not his conduct, that is at issue.